CARTER v. REAUME.

1. VENDOR AND PURCHASER — DAMAGES — LAND CONTRACT—
BREACH.
   In an action on a land contract brought by the vendor without
   a prior tender of a deed, the measure of damages is the differ-
   ence between the purchase price payable under the contract
   and the value of the land at the time of the breach.

2. SAME—NOMINAL DAMAGES—SAVING QUESTIONS FOR REVIEW.
   A judgment for nominal damages will not be awarded on error
   in a case where the question was not presented to the trial
   court.

3. SAME—TAXES PAID—STATUTE OF LIMITATIONS.
   Separate items of taxes paid more than ten years prior to the
   commencement of the action, except in so far as they might
   be included in the total sum due, under a clause providing
   that they might be added thereto, are barred by the statute of
   limitations and are not recoverable as a part of the contract
   price unless a deed was tendered.

Error to Wayne; Brooke, J. Submitted October 20,
1909. (Docket No. 40.) Decided December 10, 1909.

Debt by Richard Carter against Frank C. Reaume,
James H. Cody, Ralph B. Wilkinson, and others, for the
amount of a land contract. A judgment for defendants
on a verdict directed by the court is reviewed by plaintiff
on writ of error. Affirmed.

*James H. Pound*, for appellant.

*Navin, Sheahan & Bourke*, for appellee Cody.

*Edwin Henderson* (*Wilkinson & Younglove*, of
counsel), for appellee Wilkinson.

MONTGOMERY, J. This is an action of debt to recover
an amount claimed to be due upon a land contract en-
tered into between Martha F. Stewart and the three de-

fendants Reaume, Lindsley, and Cody, which contract
was afterwards assigned to defendants Radcliffe and
Wilkinson, who assumed and agreed to carry out the
terms; the original contracting parties not being released.
One thousand dollars was paid upon the purchase price
on the execution of the contract, and interest was kept up
for some four years. The entire consideration reserved in
the contract became due on the 18th of April, 1897. The
contract was assigned by Martha F. Stewart to S. Wight-
man Stewart, and the property conveyed to him, and in
1900 the contract was assigned by S. Wightman Stewart
to the plaintiff as security for $3,700. The plaintiff or
his assignor has paid all the taxes accruing on the con-
tract, both before and since the 18th of April, 1897.

This action was commenced just one day less than 10
years from the time the contract became due. In the
court below the plaintiff claimed the sum of $13,303.12,
being the entire amount due upon the contract, with in-
terest thereon, and taxes paid. No tender of a deed was
made to the defendants, and there was no direct proof
that the plaintiff was in a position to tender a deed. The
circuit judge was of the opinion that, under these circum-
stances, the plaintiff had not shown a right to recover,
and directed a verdict for the defendants, basing his ver-
dict upon the case of *Stewart* v. *McLaughlin's Estate*,
126 Mich. 1 (85 N. W. 266, 87 N. W. 218). The court
stated:

"The plaintiff's claim was that the measure of damages
was the whole amount due under the contract price, plus
interest and taxes. No testimony was offered at the trial
tending to show the value of the land to the vendor at the
time the contract was broken."

The court held that the proper measure of damages
would be the difference between the amount reserved in
the contract and the value of the land at the time the con-
tract was broken, and that, as there was no evidence on
this point, the plaintiff could not recover. In this court

the contention is made that at least nominal damages should have been allowed; but it is sufficient to say that no such contention was made in the court below, and that this point is also answered by *Stewart* v. *McLaughlin's Estate, supra.*

It is also claimed that the plaintiff should in any event be entitled to recover the amount paid for taxes. It was not claimed in the court below, so far as the record shows, that a recovery for these payments as distinct payments could be had; but we think a further answer to this claim is that, as to the taxes paid prior to maturity of the contract, the statute of limitations is pleaded and would be a complete answer to an action to recover for these separate items. The provision of the contract is that, upon failure of the purchaser to pay the taxes and insurance, the same may be added to the amount due on the contract payable forthwith, with interest at the rate of 8 per cent. per annum, and shall be treated as a part of the money payable under the contract. It is manifest that on the 18th of April, 1897, this contract matured, and all sums whatever unpaid which constituted a part of the contract price were due. The rights of the parties were then fixed. The plaintiff or his assignor were entitled to maintain an action in debt upon condition that a tender of conveyance should be made. So, when this action was brought, there was no obligation to pay any particular sum of money under a covenant which was independent of the obligation of the plaintiff to convey. The fact that some of the consideration consisted of taxes paid by the plaintiff or his assignor in no way affects this question. The amount so paid became a part of the purchase price or money payable under the contract. The plaintiff had the right to demand payment of all on this condition. By the express terms of the contract, the money paid by him for taxes became a part of the contract price. He sues in debt. He could hardly be permitted to recover piecemeal when all was due. The condition upon which he could recover what was due was, under the authority of *Stewart* v. *Mc-*

*Laughlin's Estate,* that he should first tender a deed. Had the action been in assumpsit, or had there been evidence to show that land, the title to which is in the plaintiff, is of less value than the contract price remaining unpaid, there might have been some basis for a judgment; but on this record there is no such basis.

The judgment is affirmed.

GRANT, OSTRANDER, MOORE, and McALVAY, JJ., concurred.