RICHARD *v.* ST. JOHN.

1. JUDGMENT—TEST AS TO WHETHER JUDGMENT IS RES JUDICATA—
FRAUD.

    Test whether judgment in vendor's action to recover payments due under land contract was *res judicata* of issue of fraud set up in vendee's subsequent suit for rescission of contract is what vendee could and should have pleaded in vendor's action.

2. SAME—FRAUD—EQUITY.

    Judgment in vendor's action to recover payments due under land contract, wherein vendee pleaded general issue, is *res judicata* of issue of fraud set up in vendee's subsequent suit for rescission of contract, where it could and should have been pleaded in vendor's action.

Appeal from Wayne; Webster (Arthur), J. Submitted June 16, 1933. (Docket No. 13, Calendar No. 36,907.) Decided June 29, 1933. Rehearing denied August 29, 1933.

Bill by Clement C. Richard against Will St. John and others to rescind a land contract and to enjoin action at law. Bill dismissed. Plaintiff appeals. Affirmed.

*Dennis Boyle,* for plaintiff.

*Samuel B. Ostrow* and *Ernest E. Ostrow,* for defendants St. John and Wallace.

*Bulkley, Ledyard, Dickinson & Wright,* for defendant Union Guardian Trust Company.

WIEST, J.   Plaintiff, when sued in the court of common pleas for the city of Detroit, for payments due under a land contract, entered his appearance in the suit, pleaded the general issue, then filed the bill herein to have rescission of the contract for alleged fraud, obtained an order requiring defendant to show cause why an injunction should not issue to restrain the proceeding at law, was granted an injunction upon condition of filing a bond within a specified time, failed to file the bond, let the case in the court of common pleas go to judgment, and took no appeal.   The court held the judgment at law *res judicata* and dismissed the bill.   Plaintiff reviews by appeal, claiming that his plea in the court of common pleas did not present the issue of fraud set up in his bill of complaint, and, therefore, there was no adjudication of the fraud now claimed.

The test by which plaintiff is bound is what he could and should have pleaded in the common pleas court.   Plaintiff therein could not recover without a valid contract and an existing obligation upon the part of the vendee therein to pay instalments thereon.   Plaintiff herein cites *McHugh* v. *Trinity Building Co.*, 254 Mich. 202.   In that case the bill was filed after suit was brought in the common pleas court, prosecution of the action at law was at first enjoined and later was permitted to proceed under command to deposit any money collected with the clerk of the circuit court, to await further order of the court.   This, in effect, retained ultimate supervision and prevented the judgment in the action at law from deciding the suit in equity.

The case at bar falls within the holding in *Bassett* v. *Trinity Building Co.*, 254 Mich. 207.   In that case an action at law was commenced in the court of common pleas and defendant therein pleaded the gen-

eral issue with notice of fraud, and, after judgment and expiration of time for appeal, filed a bill for rescission, and we held the judgment *res judicata*.

In the case at bar the equity court tendered restraint of the action at law if a bond was given, and plaintiff not only failed to give the bond, but also failed to defend against the action upon the contract. Plaintiff had remedy open and offered, but failed to avail himself thereof. He cannot now maintain the bill for rescission.

The decree in the circuit court is affirmed, with costs to defendant.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.