*In re* URBAN'S ESTATE.

APPEAL OF McNINCH.

1.  EVIDENCE—PAROL EVIDENCE—MEMORANDA NOT CONTRACT.
    Memoranda entered on records of mortgagee showing extension of time of payment of mortgage was not contract executed by parties to mortgage, and therefore testimony by clerk entering said memoranda on records in regard thereto is not open to objection that contract may not be supplemented by parol evidence.

2. MORTGAGES—EXTENSION OF TIME—CONSIDERATION.

Arrangement whereby time of payment of mortgage was to be extended on condition that monthly contract payments were to be credited on mortgage is not void for want of consideration if mortgagors turned said payments over to be applied on mortgage.

3. VENDOR AND PURCHASER—DEFAULT BY VENDORS—MORTGAGES—VENDEES' REMEDY.

Vendees in land contract could not avoid obligation to make past-due payments, on ground that vendors were in default in payment of mortgage, which was due, where they had made arrangements whereby mortgagee agreed that he would carry mortgage as long as contract payments were applied thereon, which had been carried out; and especially where contract provided that vendors might mortgage property, and provided remedy to vendees in case of foreclosure.

Appeal from Wayne; Murphy (Thomas A.), J. Submitted October 6, 1933. (Docket No. 87, Calendar No. 37,425.) Decided December 19, 1933.

In the matter of the estate of Vinco Urban. Harold McNinch and another presented their claim against the estate for payments due on a land contract. Claim disallowed. Claimants appealed to circuit court. Judgment for claimants. Eva Urban, administratrix, appeals. Affirmed.

*Edward C. Moran,* for appellant.

*William A. King* and *Charles H. King,* for appellees.

WIEST, J. May 5, 1926, Harold McNinch and Gertrude McNinch, his wife, mortgaged certain premises to the Highland Park State Bank for $2,700, to be paid in three years. December 14, 1929, with the mortgage upon the premises, the McNinches sold the premises to Vinco Urban, under land contract, calling for a down payment and monthly payments

amounting in all to the sum of $4,500. Mr. Urban died January 26, 1931, having kept up all payments to the time of his death. Payments were not made after his death, and the vendors presented to the commissioners on claims in the matter of Mr. Urban's estate a claim for payments due, amounting to $540. The claim was disallowed by the commissioners. An appeal was taken to the circuit court, and judgment rendered for the sum claimed.

In behalf of the estate, it is contended that the vendors were in default upon the mortgage, and, therefore, could not exact payments under the land contract. The land contract not only provided that the vendors might, at any time, incumber the premises by mortgage to secure the balance owing on the contract, but not for more than 50 per cent. of the purchase price, to constitute a first lien, but also provided:

"That if the title of the seller is evidenced by land contract or now or hereafter incumbered by mortgage, the seller shall meet the payments of principal and interest thereon as they mature and produce evidence thereof to the purchaser on demand, and in default the purchaser may pay the same, which payments shall be credited on the sums matured or first maturing hereon with interest at seven per cent. per annum and in event proceedings are commenced to recover possession or enforce the payment of such contract or mortgage because of the seller's default the purchaser may at any time thereafter while such proceedings are pending incumber said land by mortgage securing such sum as can be obtained upon such terms as may be required and with the proceeds pay and discharge such mortgage or purchase money lien, and any mortgage so given shall be a first lien upon the land and superior to the rights of the seller therein and thereafter the purchaser shall pay the principal and interest on

such mortgage so given as they mature, which payments shall be credited on the sums matured or first maturing hereon, and when the sum owing hereon is reduced to the amount owing upon such contract or mortgage or owing to any mortgage executed under either of the powers in this contract contained, a conveyance shall be made in the form above provided with a covenant by the grantee to assume and pay the same.''

There does not appear to have been any attempted foreclosure of the mortgage, but rather an extension of time, under an arrangement between the vendors and the mortgagee, that payments upon the land contract should be credited upon the mortgage. This was evidenced by a memorandum entered upon the records of the mortgagee, as follows:

''Monthly payments every time to be credited to this account.  O. K.  J. A. S.''

Jesse A. Snyder, a clerk in the mortgage department of the Highland Park State Bank, was permitted to testify that he had charge of the records and mortgages in that department, identified the mortgage, and that he made the mentioned memorandum and initialed the same; that the writing was made July, 1930, and that—

''The mortgage at that time was overdue and the title holder (the McNinches) arranged with Mr. Janise that we would carry the mortgage as long as there were payments applied on the liquidation. The arrangement was made with Mr. Janise, the assistant vice-president, and he expected me to put the notation on the ledger sheet. I had no talk with the McNinches before that arrangement was made. The arrangement was made with Mr. Janise. Mr. Janise told me that the arrangement had been made, and he instructed me to make that notation on our balance sheet.''

It is claimed that this memorandum was a contract and could not be supplemented by parol evidence. It was not a contract executed by the parties to the mortgage, but a memorandum by officers of the mortgagee, showing extension of time of payment, and did not fall within the rule barring parol evidence.

It is also claimed it was void for want of consideration. If the mortgagors turned the contract payments over to be applied upon the mortgage, and payment of the mortgage was to be worked out in that way, and it was satisfactory to the mortgagee, then there was consideration.

But it is said there appears to be nothing to prevent foreclosure. The land contract provides remedy to the vendee in such event. The land contract payments were past due and there was no defense.

The judgment is affirmed, with costs to appellees.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.