*In re* URBAN'S ESTATE.

APPEAL OF McNINCH.

1. APPEAL AND ERROR—LAW OF THE CASE—LAND CONTRACTS.

In later action to recover balance of land contract payments, former decision in action to recover certain payments *held*, to constitute law of the case as to questions of sufficiency of memorandum on mortgagee's records and admissibility of parol evidence as to, and consideration for, extension of time of payment of mortgage.

2. VENDOR AND PURCHASER—TENDER OF DEED—ACTION.
   No action will lie to recover balance due under a land contract
   against estate of vendee, where no deed is tendered before
   filing a claim.

Appeal from Wayne; Chenot (James E.), J. Submitted January 9, 1935. (Docket No. 24, Calendar No. 38,132.) Decided April 8, 1935. Rehearing denied May 17, 1935.

In the matter of the estate of Vinco Urban. Harold McNinch and another presented their claim against the estate for payments due on a land contract. Claim disallowed. Claimants appealed to circuit court. Judgment for defendant. Claimants appeal. Affirmed.

*William A. King,* for appellants.

*Edward C. Moran,* for appellees.

POTTER, C. J. May 5, 1926, Harold McNinch and wife gave a real estate mortgage to the Highland Park State Bank of Highland Park, Michigan, for $2,700, with interest at six per cent., $135 semi-annual principal payments, and entire balance payable in three years.

December 14, 1929, the mortgaged premises were sold by McNinch and wife to Vinco Urban on land contract for $4,500, of which $500 was paid down, with the balance payable at the rate of $45 a month, including interest. January 25, 1931, Vinco Urban died. July 18, 1932, Eva Urban was appointed administratrix, with the will annexed. McNinch and wife presented a claim against the estate of Vinco Urban, deceased, for 12 monthly instalments due upon the land contract, and this claim was allowed. May 1, 1933, the authority of the commissioners on

claims was revived. May 26, 1933, McNinch and wife presented a claim against the estate for the amount remaining unpaid on the land contract, less the judgment recovered of $540. This claim was disallowed by the commissioners; claimants appealed; and September 20, 1933, there was judgment in the circuit court against appellants.

The principal questions involved were settled in *Re Urban's Estate,* 265 Mich. 415, decided December 19, 1933, the opinion in which case constitutes the law of this case as to the sufficiency of the memorandum, the admissibility of parol evidence, and the consideration for the contract extending the time of payment of the mortgage.

No deed of the premises in pursuance of the contract was tendered by McNinch and wife to Vinco Urban in his lifetime, or to his heirs or the representatives of his estate after his death. Had such tender been made, this proceeding would have been in the nature of one to recover the amount due upon the performance of the contract by the vendors, and the measure of damages would have been the present worth of the amount due upon the contract, and interest; but no deed was tendered by appellants before filing their claim. Appellants held title to the premises at that time. Not having tendered a deed, no action will lie for the contract price, and no claim therefor may be maintained against the estate of the deceased, under *Stewart* v. *McLaughlin's Estate.* 126 Mich. 1.

Judgment affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.