ST. JOHN v. RICHARD.

1. Pleading—Amendment—Res Judicata—Election of Remedies.
   In action to recover balance due on land contract, amendment of cross-declaration changing it from action based on rescission to one for fraud of vendor *held*, properly denied, where rescission for fraud had been denied defendant in previous suit because of yet prior default judgment against him in action by vendor for payments.

2. Judgment—Res Judicata—Fraud.
   Judgment for plaintiff in action for payments due on land contract is *res judicata* of the matter of fraud of vendors, where no appeal was taken from the judgment.

3. Election of Remedies—Inconsistent Remedies.

Deliberate and settled choice of one of two remedies which are so inconsistent that assertion of one involves negation or repudiation of the other, with knowledge or means of knowledge of such facts as would authorize resort to each, will preclude resort to other remedy.

4. Vendor and Purchaser—Action to Recover Balance of Purchase Price—Tender of Deed.

Tender of deed must be made before bringing suit on land contract to recover balance of unpaid purchase price.

5. Same—Measure of Damages—Tender of Deed.

In action to recover balance of purchase price due under land contract the measure of damages is the difference between the amount due on the contract and value of the property at time the contract is broken where no deed is tendered before action is brought.

Appeal from Wayne; Webster (Arthur), J. Submitted June 4, 1935. (Docket No. 9, Calendar No. 37,835.) Decided September 9, 1935.

Assumpsit by Will St. John and others against Clement C. Richard for balance due on a land contract. Summary judgment for plaintiffs. Defendant appeals. Reversed and new trial ordered.

*Ostrow & Ostrow*, for plaintiffs.

*Dennis Boyle*, for defendant.

Potter, C. J. August 27, 1932, plaintiffs sued defendant, and January 10, 1933, filed a declaration alleging plaintiffs and defendant entered into a land contract June 10, 1927, whereby defendant agreed to purchase for $8,750 certain real estate; that $2,939.94 was paid down, and $5,810.06 was payable in monthly installments of $58 each, including principal and interest; that $4,035.42 was due June 10, 1932, with interest of $164.78, making $4,200.20 in all; and that defendant refused to pay the same upon request.

January 27, 1933, defendant filed an answer to plaintiffs' declaration and claimed plaintiffs had recovered a former judgment in common pleas court, in the city of Detroit, for $513.97, and had waived all over $500, and that a judgment had been entered for that amount, and this amount was included in the claim sued for by plaintiffs; that April 22, 1932, defendant filed a bill in chancery to rescind and set aside the land contract in question on the ground of fraud, and to restrain the prosecution of the action at law. An order was entered restraining the prosecution of the action at law upon the giving of a bond, which bond was not given and a default judgment was entered. No appeal was taken from that judgment. Plaintiffs, claiming this judgment was an adjudication, pleaded former adjudication. The court held the judgment at law a former adjudication and dismissed the bill filed for rescission. On appeal to this court, the decree of the trial court was affirmed. *Richard* v. *St. John,* 264 Mich. 192.

Defendant, in this suit, filed a cross-declaration, claiming that if this court should hold the issue raised by the bill of complaint could not be tried in that cause, he was entitled to recoup his damages suffered by reason of plaintiffs' fraud in inducing the contract, setting up that he had paid $4,533.92 on the contract, claiming that he had rescinded the sale and was entitled to recover the money paid down.

Plaintiffs filed an answer to the cross-declaration of defendant and a replication to defendant's answer, and made a motion for summary judgment. Upon motion, defendant was permitted to file his cross-declaration, claiming plaintiffs' action should be by bill for specific performance at law, or for damages, and the measure of damages was the difference between the contract price and the actual value of the property at the time the contract was

broken; that the cross-declaration filed by defendant had relied upon rescission, but that by the decision of this court in (*Richard* v. *St. John*) 264 Mich. 192, it had been held defendant could not rescind. No action prior to the consideration of the case upon the application of plaintiffs for summary judgment was taken by the trial court on defendant's motion to amend and defendant's amended motion to amend his cross-declaration.

Defendant, upon plaintiffs' application for summary judgment, filed affidavits of merits, one showing plaintiffs were seeking to recover the whole amount due on the contract without tendering a deed, and that the sum of $500 was included in the amount for which plaintiffs claimed judgment which had been included in a prior judgment in the court of common pleas, and another setting up with particularity the facts relied upon to show fraud and misrepresentation upon the part of plaintiffs in inducing the contract.

The trial court disposed of defendant's application to amend his cross-declaration and plaintiffs' motion for summary judgment by denying one and granting the other. Defendant appeals.

(1) The trial court said:

"Defendant seeks to amend his cross-declaration and thereby change his position in the case at bar from rescission asking a return of money paid, to fraud, with a demand for damages resulting from the fraudulent representations. These are inconsistent positions, and an election of one precludes a subsequent resort to the other. Defendant cannot claim a mistake of remedy. He not only elected to rescind in his cross-declaration, but had previously taken the same position in his suit in chancery. (See *Richard* v. *St. John, supra.*)

"Having made his election, defendant must abide by it. As I view the situation, defendant finds himself in his present dilemma because of his failure to present the defense he now claims to have, at the time he was sued on the same contract in the common pleas court. The Supreme Court said to him that he has a 'remedy open and offered' and that he is bound by 'what he could and should have pleaded in the common pleas court.'

"Plaintiff and defendant were both in a court of competent jurisdiction. That court decided defendant owed certain installments on a land contract. If the contract was obtained by fraud, then defendant did not owe the installments. Defendant did not appeal. The decision stands. Under such circumstances it is idle to ask another court, with the same parties before it, to declare the same contract to be of no binding force because of fraud."

We think the trial court was correct upon this question.

"One may waive a tort by bringing an action in *assumpsit*, or may lose his right to bring *assumpsit* by commencing an action for the wrong committed. One may sometimes rescind a contract, and assert title to property that he has parted with, or he may affirm the contract, but he cannot do both. Having elected, by bringing an action upon one theory, he has no right afterwards to sue upon the other. * * * There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions, upon which recovery could not be had." *McLaughlin* v. *Austin,* 104 Mich. 489.

"A man may not take contradictory positions, and where he has a right to choose one of two modes of redress, and the two are so inconsistent that the assertion of one involves the negation or repudia-

tion of the other, his deliberate and settled choice of one, with knowledge, or the means of knowledge, of such facts as would authorize a resort to each, will preclude him thereafter from going back and electing again." *Thompson* v. *Howard,* 31 Mich. 309.

(2) Defendant claims that upon the breach of an executory contract for the sale of land, the vendor may not recover the entire unpaid purchase price in an action at law, but the measure of damages is the difference between the contract price and the value of the property at the time of the breach of the contract. The trial court relied upon the language of *Krueger* v. *Campbell,* 264 Mich. 449, where it is said:

"The vendee in a land contract is personally liable to the vendor for such part of the purchase price as remains unpaid. Payment may be enforced in an action at law, or by a personal decree for deficiency upon a sale of the property in a foreclosure proceeding."

This is undoubtedly a correct statement of the law, but it does not cover the question here involved. It is well settled in this State that before one may sue on a land contract to recover the balance of the unpaid purchase price, he must tender a deed of the premises contracted to be sold. *Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Carter* v. *Reaume,* 159 Mich. 160; *In re Urban's Estate,* 271 Mich. 16.

When suit is brought for the failure of the purchaser of the premises on land contract to pay and perform the contract, and no deed is tendered before suit brought, the measure of damages is the difference between the amount due upon the contract and the value of the land at the time the contract was broken. *Stewart* v. *McLaughlin's Estate,*

*supra; Carter* v. *Reaume, supra; In re Urban's Estate, supra.*

We think the trial court was right in holding that defendant, having made his election, must abide by it. But, for the error in the award of damages, the judgment of the trial court is reversed and a new trial ordered.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concerned. BUSHNELL, J., did not sit.