McCOLL *v.* WARDOWSKI.

1. VENDOR AND PURCHASER—ACTION TO RECOVER BALANCE OF PUR-
CHASE PRICE—TENDER OF DEED.
    Tender of deed must be made before bringing action on land con-
    tract to recover balance of unpaid purchase price.

2. SAME—MEASURE OF DAMAGES—TENDER OF DEED.
    In action to recover balance of purchase price due under land
    contract, the measure of damages is the difference between the
    amount due on the contract and value of the property at time
    the contract is broken, where no deed is tendered before action
    is brought.

3. SAME—TENDER OF DEED—DIRECTED VERDICT.
    Verdict *held,* properly directed for vendees who were in default
    in payments under land contract for purchase of Canadian
    realty, which contained an acceleration clause, in action of
    assumpsit in this State by vendor for balance due, where plain-
    tiff failed to tender deed before bringing action and then
    failed to offer proof as to value of the land.

4. ACTION—TENDER OF DEED—LAW OF FORUM.
    Inasmuch as tender of a deed as a condition precedent to action
    on land contract for balance of the purchase price is purely a
    question of procedure or remedy and not one of substantive
    law, the *lex fori* prevails, hence, although land contract in-
    volved Canadian realty where such tender may be unneces-
    sary, it is a condition precedent to action for balance due
    brought in Michigan.

5. COURTS—RIGHTS ACCORDED FOREIGN CITIZENS.
    Foreign citizens are entitled only to the same remedies in our
    courts as are accorded to our own citizens.

6. CONFLICT OF LAWS—LEX FORI CONTROLLING AS TO REMEDY.
    The *lex fori* prevails over the *lex rei sitæ,* the *lex loci contractus,*
    the *lex loci solutionis,* and all other laws so far as concerns
    matters that relate to the remedy as distinguished from the
    substantive contract.

Appeal from Oakland; Hartrick (George B.), J. Submitted April 21, 1937. (Docket No. 157, Calendar No. 39,164.) Decided June 7, 1937.

Assumpsit by Duncan B. McColl against Louis Wardowski and Frances Wardowski on an executory land contract. Judgment for defendants. Plaintiff appeals. Affirmed.

*Karl E. Scott* (*William B. Giles,* of counsel), for plaintiff.

*Capizzi & Rota* (*Sidney J. Karbel,* of counsel), for defendants.

BUTZEL, J. Defendants purchased from plaintiff a parcel of property in the city of Walkerville in the Province of Ontario on an executory land contract. A realtor who had the property for sale contacted Mr. Wardowski in his office in Oakland county. He subsequently went to Canada where he met plaintiff and looked at the property. The contract was executed by defendants at Highland Park, Michigan. It was prepared by a Canadian solicitor on a Canadian form of executory land contract not unlike that currently used in Michigan. It provided, that, if the purchasers should make default in the payment of any instalment of principal and interest, all payments made should be and remain the property of the seller as liquidated damages and not as a penalty, and the whole of the purchase price remaining unpaid should, at the option of the seller, become immediately due and payable. The purchasers did make default and plaintiff brought suit in the circuit court for the county of Oakland for the recovery of $10,619.56, the balance he claims due for principal,

interest and taxes remaining unpaid on the contract. He made no tender of a deed before bringing suit and claimed that the contract must be construed in accordance with Canadian law; that under Canadian law the final payment and the giving of the deed are independent covenants and not dependent upon one another and that it was unnecessary to tender a deed before bringing suit and that plaintiff was entitled to the entire balance due as claimed and not merely for damages for breach of contract.

We have frequently held that a tender of a deed is necessary before one may sue on a land contract to recover the unpaid purchase price claimed to be due thereunder, and that, without such tender, the measure of damages is the difference between the amount due upon the land contract and the value of the land at the time the contract is breached. *St. John* v. *Richard,* 272 Mich. 670, and cases cited therein.

The parties are not in agreement as to the Canadian law, but for purposes of this case, we shall assume, without deciding, that under the law of Canada, tender of the deed was unnecessary before bringing suit for the balance due under the contract. The instant suit was not for recovery of an instalment on the contract but for the entire balance due. Under the law of this State, the question of tender in a suit on a defaulted land contract directly affects the amount of recovery. *St. John* v. *Richard, supra; Stewart* v. *McLaughlin's Estate,* 126 Mich. 1; *Carter* v. *Reaume,* 159 Mich. 160; *In re Urban's Estate,* 271 Mich. 16. No proofs were offered as to the value of the land and no deed was tendered before the instant suit was brought. For this reason the court properly directed a verdict in favor of defendants. *Stewart* v. *McLaughlin's Estate, supra.*

Plaintiff, however, claims that the contract must be construed in accordance with the Canadian law and that it was unnecessary to tender a deed as a condition precedent to suing for the balance of the purchase price. This is purely a question of procedure or remedy and not one of substantive law, hence the *lex fori* prevails. The trial judge was correct in his ruling.

A somewhat similar question arose in *Mitchell* v. *Reolds Farm Co.*, 268 Mich. 301, 311, 312:

"There is no doubt the contract was made in Florida and contemplated performance in Florida, but suit was brought in Michigan, and the remedy available was the remedy afforded by the laws of Michigan.

"Plaintiff relies upon 5 R. C. L. p. 986, § 67, which declares the weight of authority sustains the rule that the measure of damages is a matter of substantive right rather than of remedy. This rule was expressly repudiated in *Walton School of Commerce* v. *Stroud*, 248 Mich. 85, which holds (quoting syllabus): 'In action in this State on foreign contract, remedy available to plaintiff is the remedy afforded by the laws of Michigan.' "

Foreign citizens are entitled only to the same remedies in our courts as are accorded to our own citizens. *Walton School of Commerce* v. *Stroud*, 248 Mich. 85; *Mt. Ida School for Girls* v. *Rood*, 253 Mich. 482 (74 A. L. R. 1325). In the latter case, the contention that the covenants under the contract were independent was rejected and the remedy afforded by the Michigan courts applied. The court said:

"Appellant's counsel also stress the proposition that 'defendant's promise to pay the agreed price is an independent promise,' and therefore the contract price may be recovered without showing plaintiff's

performance of the contract itself. * * * This question was squarely ruled upon in *International Text-Book Co.* v. *Jones*, 166 Mich. 86; and the plaintiff's claim of right to recover on theory of an independent promise was rejected. * * * 'It is a universally established rule that the affording of remedies in one State for enforcing a contract made in another depends entirely upon judicial comity, and that the *remedies* and procedure are therefore governed by the *lex fori*. * * * The *lex fori* prevails over the *lex rei sitæ*, the *lex loci contractus*, the *lex loci solutionis*, and all other laws so far as concerns matters that relate to the *remedy* as distinguished from the substantive contract.' 5 R. C. L. pp. 941–943."

In view of our holding, the other questions raised in the briefs become irrelevant. The judgment for defendants is affirmed, with costs.

Fead, C. J., and North, Wiest, Bushnell, Sharpe, Potter, and Chandler, JJ., concurred.