ROBINSON *v.* GROSSE POINTE SHORES REALTY CO.

1. VENDOR AND PURCHASER—FAILURE OF CONSIDERATION—SUBSTANTIAL COMPLIANCE.

In purchasers' action to recover payments made under land contract because of alleged failure of consideration through vendor's failure to make improvements as agreed therein, record *held*, to support trial court's findings that vendor had made substantial compliance and that he was entitled to judgment for payments due under cross-declaration, where many improvements called for in the contract were already made by subdivider at time contract was executed and sanitary sewers which it agreed to connect with village system were not built because village had never built one and subdivider had established a reserve to build such sewer.

2. SAME—RESCISSION—TENDER OF DEED—RECOVERY OF PAYMENTS DUE.

Vendor under land contract, sued by purchasers for payments made thereunder because of claimed rescission, *held*, not required to make tender of deed to plaintiffs as condition precedent to recovery under its cross-declaration for payments due.

Appeal from Wayne; Merriam (De Witt H.), J. Submitted June 10, 1937. (Docket No. 66, Calendar No. 38,576.) Decided September 1, 1937. Rehearing denied October 13, 1937.

Action by James M. Robinson and wife against Grosse Pointe Shores Realty Company, a Michigan corporation, to recover payments made on a land contract. Cross-declaration by defendant against plaintiffs for balance due on the land contract. Judgment for defendants against plaintiffs on cross-declaration. Plaintiffs appeal. Affirmed.

*William J. Palmer,* for plaintiffs.

*Wilkinson, Lowther & O'Connell,* for defendant.

BUTZEL, J. On July 10, 1926, plaintiffs contracted to purchase a lot, 75 feet in width, from defendant in the latter's highly restricted subdivision in Grosse Pointe village and Grosse Pointe township, Wayne county, Michigan. The contract provided for a down payment of $464, and the additional sum of $4,171, on or before five years from the date of the contract in monthly instalments of not less than $42 to include interest at the rate of 6 per cent. per annum to be paid on all sums until due, and thereafter at the rate of 7 per cent. per annum. The contract contained the following provision:

"The party of the first part further agrees at its own expense to lay cement sidewalks six feet in width, in front of and in case of corner lots alongside of all lots in the above named subdivision, such sidewalks to connect with the constructed sidewalk on Jefferson avenue. To lay or cause to be laid water mains in Hampton and Roslyn roads, connecting with Jefferson avenue. To construct or cause

to be constructed storm water sewers for surface drainage in said Hampton and Roslyn roads. Also to construct or cause to be constructed sanitary sewers to connect with such sewer system as shall in future be established by the village of Grosse Pointe Shores, whenever permission to make such connections can be obtained from such village. To plant elm shade trees four inches in diameter on both sides of the sidewalks in said Hampton and Roslyn roads, same to be staggered at intervals of at least 50 feet, and to be guaranteed to grow or to be replaced within two years from the date of the original planting. First party further agrees to pave and curb the above mentioned Hampton and Roslyn roads 24 feet in width, such pavement to be of concrete, asphalt or other suitable hard surface construction.''

Plaintiffs made payments at the rate of $42 per month until September 15, 1931, and thus reduced the balance due to $2,640.80. Thereafter they made no further payments and ascribe as the reason that defendant failed to make the improvements provided for in the contract. Defendant's witness, however, testified that the only reason given by plaintiffs was unemployment. Towards the latter part of 1935, when defendant began to press for payments, plaintiffs attempted to rescind on the ground that there was a failure of consideration through the neglect or failure of defendant to make improvements provided for in the contract. After tendering a quitclaim deed, which defendant refused to accept, they brought suit to recover all payments previously made and the interest thereon. Defendant filed a cross-declaration, seeking to recover the payments then due on the contract and also those that would become due up to the time of trial. Evidently by the conduct of the parties, the provision that the entire

balance should be paid up by the end of the first five years, was disregarded. It was considered as payable in monthly instalments of $42 including interest. No claim to the contrary is made. The trial judge held there was a substantial compliance with the covenants for improvements to be made by the vendor, denied plaintiffs' right to recover and rendered a judgment in favor of defendant against plaintiff James M. Robinson for $2,730 and costs. The record sustains the findings of the judge.

The property was subdivided in 1915 or 1916, and many of the improvements provided for in the contract had already been made, when in 1926 plaintiffs' contract was made. It was not incumbent upon defendant to tear out improvements already made and do them over. The contract did provide for the construction of a sanitary sewer to connect such sewer systems as in the future would be established by the village of Grosse Pointe Shores, whenever permission to make such connection could be obtained from the village. A sewer system had not been built by the village, and obviously defendant could not build a connecting sewer, though it showed by its statement that it had established a reserve to build such sewer, when the village established a system with which a connection could be made. A part of the subdivision, that adjoins the northerly line of the lot plaintiffs contracted to purchase, became part of the village of Lochmoor, and upon the establishment of the sewer system in Lochmoor, defendant at once built connecting sewers for the Lochmoor lots in the subdivision. As no sewer system had been established in Grosse Pointe Shores, defendant had not breached its covenant in regard to a sewer.

We are unable to determine from the record how the trial judge computed the amount due defendant at the time of the trial. The judgment, however, was for less than the amount of the entire balance due on the contract from plaintiffs, either at the time the suit was begun or at the time of trial. Under the circumstances, it was unnecessary for defendant to tender a deed to plaintiffs as a condition precedent to recovery, under the rule discussed in *McColl* v. *Wardowski*, 280 Mich. 374.

Judgment for defendant against plaintiffs is affirmed, with costs.

FEAD, C. J., and NORTH, WIEST, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.