BRADWAY v. NETZORG.

1. VENDOR AND PURCHASER—ACTION FOR BALANCE DUE—TENDER OF DEED.

A proper tender of deed by holder of the vendor's interest was necessary before action of assumpsit for balance due on the land contract could be maintained.

2. SAME—SUFFICIENCY OF TENDER—ASSUMPSIT.

In action of assumpsit to recover balance due on land contract, claim that tender made by holder of vendor's interest was not a proper tender in that it was made after banking hours on last day before expiration of statute of limitations and without time, before commencement of suit next day, for examination of the abstract of title and deed proffered to see whether they were defective held, without merit where it appears numerous efforts had been made to collect the sum due, no time for examination of the abstract and deed was requested, and interview at which tender of deed and demand

Rejection of defective tender, see 1 Restatement, Contracts, § 304.

for sum due was made was summarily terminated by defendant upon learning purpose of visit by agent of holder of vendor's interest.

3. SAME—ABSTRACT OF TITLE—DEEDS—TENDER.

Claim that tender of warranty deed, executed about five months previously, and abstract of title, certified to date 14 days previously, was insufficient compliance with provisions of land contract requiring abstract of title certified to substantially the date of delivery and a good and sufficient warranty deed made the day before action of assumpsit for balance due was commenced *held*, without merit.

4. EVIDENCE—LAND CONTRACT—ATTORNEY AS WITNESS—CORPORATIONS—EXECUTION OF INSTRUMENTS.

In action of assumpsit for balance due on a land contract executed by a corporate vendor, vendor's attorney who prepared the contract and in whose presence it was executed by officers of the vendor and corporate meetings held wherein minutes were prepared from notes taken by him was a qualified and competent witness to identify corporate minutes book and to testify to due execution of the contract.

5. SAME—LAND CONTRACT—ATTORNEY AS WITNESS—CORPORATIONS—ASSIGNMENTS.

In action of assumpsit for balance due on a land contract, brought by corporate assignee of corporate vendor, attorney for vendor at time it was decided to organize another corporation and transfer vendor's assets to it was a qualified and competent witness to testify as to the assignments of assets of the corporation and as to contents of the assignment of personal property which he prepared and which he testified was lost while in his custody.

6. TRIAL—ASSUMPSIT—INSTRUCTION—QUESTION FOR JURY—TENDER.

In action of assumpsit for balance due on a land contract, charge of the court which took from the jury all questions except issue of fact as to whether tender made was a sufficient one *held*, proper.

Appeal from Wayne; Webster (Clyde I.), J. Submitted April 17, 1941. (Docket No. 6, Calendar No. 41,293.) Decided June 2, 1941.

Assumpsit by Judson Bradway, trustee, against Bendetson Netzorg and Muriel Netzorg Robinove

for money due on land contract. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*John W. Hoag, Jr.,* for plaintiff.

*Davidow & Davidow,* for defendants.

North, J. This is an action in assumpsit for the balance due on a land contract executed on or about June 11, 1925, between Bendetson Netzorg and his sister Muriel Netzorg Robinove, as vendees, and the Bamlet Realty Company, a Michigan corporation, vendor. Payments on the contract were made by the vendees from 1925 until February 7, 1933, but since that time no further payments have been made. This suit was commenced on February 7, 1939, by Judson Bradway, who claims as assignee of the vendor's interest.

It appears that shortly after the execution of the land contract above noted, the Bamlet Realty Company executed a trust mortgage covering most of the subdivision of which the land involved herein is a part. This mortgage was given to Judson Bradway as trustee for bondholders. It was recorded and under its terms the mortgage assigned to "said trustee as additional security the rents, income and profits of said mortgaged property, and all payments due or to become due on land contracts for the sale of any part of said mortgaged property. * * * When the purchaser of any lot shall have paid the full amount of the contract price therefor, the trustee shall release such lot from the lien of this mortgage by the conveyance of the said lot, by proper deed, to said contract purchaser or to the mortgagor, and the trustee is hereby authorized to execute such deeds direct to the contract purchasers and to pass thereby a full and complete title to such lots without the mortgagor joining in such deeds."

The record shows that the trustee acted as collection agent for the vendor before the execution of the above-noted mortgage, and that, from the first, all payments by defendants on this contract have been made to the trustee.

In 1935, the stockholders of the Bamlet Realty Company determined to wind up the corporation, but being desirous of continuing in the same business, the same stockholders formed the Woodwardside Realty Company, and the officers of the first company, on behalf of the corporation, executed a quitclaim deed to the successor corporation of all the lots which it still owned, and claim to have executed a blanket assignment of all personal property, including land contracts, to the successor corporation. The Woodwardside Realty Company, in turn, by a writing, assigned the vendor's interest in the land contract involved herein to Judson Bradway, and on the same date, by a quitclaim deed, conveyed title to the Netzorg lots, among others, to Bradway. The assignment and deed were executed on June 20, 1938. Shortly thereafter, and on August 1, 1938, plaintiff executed a warranty deed to the Netzorg property in which the original vendor, Bamlet Realty Company, and the vendor's assignee, Woodwardside Realty Company, joined as grantors. An abstract of title to the property in question was certified, and on February 6, 1939, plaintiff's attorney, Mr. Hoag, called on defendant Netzorg at his office; and Hoag testified that the deed and abstract were tendered along with a statement of the amount due, that this tender was refused, and thereupon the instant suit was started.

Defendants' answer to the declaration admits execution of the purported land contract, but denies that plaintiff's copy is a true and correct copy. Defendants plead affirmatively that the land contract is null and void, without consideration, and charge

the fact to be that those who purported to sign for the Bamlet Realty Company did not have authority to do so. Defendants disclaim knowledge as to the various assignments set forth in the declaration; admit they have failed to make payments, but assert that such failure was not in violation of the terms of the contract, deny that plaintiff has performed all the terms and conditions assumed under the contract; and deny that a proper tender of performance was made by plaintiff.

On the part of the plaintiff, testimony was introduced, over objection, as to the due execution of the contract sued upon, and as to the assignments above enumerated. Plaintiff also testified that the improvements called for by the land contract were installed; and his attorney, Mr. Hoag, testified that on the evening of February 6, 1939, between the hours of 4 and 6, he called at Netzorg's office, that he had with him a statement demanding payment of the sum of $3,436.62, which he gave to defendant, tendering at the same time the deed and abstract; that the tender was refused. Mr. Hoag further testified that the following morning, February 7, 1939, he called on the other defendant, Muriel Robinove, at her home, tendered the deed and the abstract and demanded payment; and being refused, immediately thereafter telephoned his office to start the suit.

Netzorg admitted the visit of Hoag, but testified that no deed or abstract was tendered; that Hoag had posed as someone who wished to see Netzorg in connection with some building, although no such ruse was necessary to gain an audience with him; and that when Hoag revealed the purpose of his visit, laid the statement on his desk and demanded payment, it angered Netzorg so that he grabbed the statement, threw it in the wastebasket, and terminated the interview.

The sole issue of fact submitted to the jury by the trial court was the question of whether the deed and abstract had been tendered as claimed by the plaintiff, and the jury was given instructions to return a verdict of the full amount of the claim if they found plaintiff's version to be true. The jury returned a verdict for plaintiff; and motions for judgment *non obstante veredicto* and for a new trial having been denied, defendants appeal to this court.

Defendants contend that the trial court erred in admitting, over objection, testimony as to corporate acts to be given by attorneys who no longer represented the corporation and were not the agents thereof; that the tender of the deed and abstract of title was not a sufficient tender within the meaning of the law because of the circumstances under which it was made and because the deed tendered was not a proper one, and that the trial court erred in its charge to the jury.

The controlling issue here presented for consideration is the determination of whether a proper tender was made prior to the commencement of the suit. Such tender, unless waived, was necessary before this suit could be successfully maintained. *McColl* v. *Wardowski,* 280 Mich. 374; *St. John* v. *Richard,* 272 Mich. 670. Defendants take the position that if they are right as to insufficiency of plaintiff's tender, then defendants are free from liability because further action on the contract is barred by the statute of limitations.[*]

Defendants' claim in this regard is based on the following facts: No payments were made on the contract after February 7, 1933, and this suit was instituted on February 7, 1939, the last day before the action would have been barred by the statute.

---

[*] 3 Comp. Laws 1929, § 13976, as amended by Act No. 193, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 13976, Stat. Ann. 1940 Cum. Supp. § 27.605).—REPORTER.

It is argued that after six years of inactivity, the tender was made by a complete stranger purporting to be the agent of the vendor's assignees; that the tender was made after banking hours and was accompanied by a demand for immediate payment of over $3,400, but no opportunity was given to obtain the same; that no opportunity was given defendants to communicate with counsel and to arrange for examination of the abstract of title and the deed proffered to ascertain if either was defective; that suit was started early the following morning; that under such circumstances there was no effort in good faith on the part of the plaintiff to comply with the requirements of the contract as to the delivery of a sufficient deed and abstract of title; and that the alleged tender was, in fact, but "a hollow gesture which had to be performed before suit could be instituted."

Plaintiff concedes "that purchasers are entitled to any reasonable time which they wish to satisfy themselves of the sufficiency of the tender," but contends that since the tender was refused and no time for examination of the deed or abstract was requested, it was not necessary to leave the proffered documents with defendants. The record bears out the claim of the plaintiff that the tender was refused, and it is evident that defendants neither requested nor desired time for examination of the documents tendered. Instead, Netzorg summarily terminated the interview when he learned the purpose of the visit, nor do defendants now offer to abide by the terms of their contract if examination of the deed and abstract proves them to be satisfactory. Although defendants claim that the record is silent as to anything done by plaintiff in connection with this contract from 1933 to 1939, it is undisputed in the record that during this period plaintiff made efforts

to collect the account by means of letters, telephone calls, and conferences. As a result of giving defendants every possible chance to pay without resorting to litigation, the claim was about to become barred by the statute, and it was necessary for plaintiff to act quickly in order to save his rights under the contract. Under such circumstances and in view of defendants' refusal of the tender, there is no merit to their claim in this regard.

The question of sufficiency of tender was passed upon in *Universal Beer Keg Co.* v. *Brown,* 9 N. Y. St. 91, wherein the court said:

"The absolute refusal of the defendant without reading or looking at the instrument tendered, was an indication upon his part that he did not consider himself under any obligation to receive or accept any instrument whatever, whether it was in exact conformity to the agreement or not. No intimation was given to the plaintiff that the tender was rejected, because of noncompliance in every respect with the requirements of the agreement of September 14th, but the refusal was absolute and unconditional, without the defendant knowing anything of what it contained. It is too late for the defendant now, after careful study, to pick out fancied defects in the proposed transfer tendered, which defects, if any, might easily have been obviated on the part of the plaintiff, if objection had been taken to the form of the transfer."

See, also, *Lackovic* v. *Campbell,* 225 Mich. 1; *Range* v. *Davison,* 242 Mich. 73. It was unnecessary and would have been useless to have left the deed and abstract with defendants for examination.

The claim is made that the deed tendered was not in compliance with the terms of the contract because it was executed on August 31, 1938, and not tendered until five months later. This claim is without merit.

The contract required the vendor to furnish an abstract of title "certified to substantially the date of delivery, * * * and a good and sufficient warranty deed." The abstract in question was certified to the date of January 24, 1939, and was in compliance with the terms of the contract.

Objections to testimony by Mr. Fitch and Mr. Wood were properly overruled by the trial court. Fitch was attorney for the Bamlet Realty Company at the time the contract sued upon was executed. He prepared the contract and it was executed by the officers of the corporation in his presence. Corporate meetings were held in his office, and minutes were prepared from notes taken by him. He was a qualified and competent witness to identify the corporate minutes book, and to testify to the due execution of the contract. Later, Wood was attorney for the Bamlet corporation at the time it was decided to organize the Woodwardside Realty Company, and the transfer of assets to the latter was effected by documents prepared by him. He likewise was a qualified and competent witness to testify as to the assignments of assets to the Woodwardside Realty Company, and to testify to the contents of the assignment of personal property (including the Netzorg land contract), which he prepared and which he testified was lost while in his custody.

Consideration has been given to other contentions made by appellants, but they have been found to be without merit. The charge of the court, which took from the jury all questions with the exception of the issue of fact as to a sufficient tender by plaintiff, was proper. The judgment entered in the circuit court is affirmed. Costs to appellee.

Sharpe, C. J., and Bushnell, Boyles, Chandler, Wiest, and Butzel, JJ., concurred. McAllister, J., took no part in this decision.