GREENBRIER HOMES v. COOK.

1. APPEAL AND ERROR—MOTION FOR SUMMARY JUDGMENT—PLEADING.
   Well-pleaded facts in complaint are accepted by the Court of Appeals as true on appeal from order denying motion for summary judgment insofar as such resembles former motion for judgment on the pleadings (Court Rule No 17, § 7 [1945]; GCR 1963, 117).

2. VENDOR AND PURCHASER—DISSOLUTION OF PARTNERSHIP VENDEE—RESCISSION.
   Conveyance by vendor of 2 of 18 lots sold by him on land contract to partnership, consisting of appellant and copartner, to the copartner and a stranger to the contract at copartner's request after the copartnership had been dissolved and interest in lots assigned to the copartner, did not effect a rescission of the

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading §§ 335, 336, 340–342.
[2, 4] 55 Am Jur, Vendor and Purchaser §§ 334, 426, 427.
[3] 55 Am Jur, Vendor and Purchaser §§ 324, 509 *et seq.*
[5] 55 Am Jur, Vendor and Purchaser § 555.
[6] 5 Am Jur 2d, Appeal and Error § 1014.

contract so as to relieve appellant of his obligation to the vendor under the land contract, there being no novation effected.

3. SAME—ACTION FOR BREACH OF LAND CONTRACT—TENDER OF DEED.
    A tender of deed or showing of vendor's ability to perform is not a condition precedent to action by the vendor against the vendees for breach of the contract as distinguished from action for balance of the purchase price.

4. SAME—ASSIGNMENT BY PARTNER OF VENDEE—LIABILITY UNDER CONTRACT.
    Summary judgment for appellant-defendant, 1 of 2 partners, vendee under land contract for sale of 18 lots, was properly denied in vendor's action for breach of contract, where, although the vendee partnership had been dissolved and appellant had assigned his interest to the other partner and vendor had conveyed 2 of the 18 lots to the partner and a stranger to the contract at such partner's request, since the appellant's assignment of his interest in the lots had not effected a novation nor discharged him from liability under the land contract.

5. SAME—SUMMARY JUDGMENT—BREACH OF CONTRACT—DAMAGES.
    Land contract vendor was not entitled to summary judgment in action against appellant-defendant and another who comprised vendee partnership, now dissolved, for breach of contract, since summary judgment has been denied appellant, each party is entitled to amend, the evidence may disclose controlling facts not pleaded, and damages are to be determined by ascertaining the difference between the amount due on the contract and the value of the property at the time the contract was broken (GCR 1963, 117.3).

6. COSTS—NEITHER PARTY PREVAILING.
    No costs are allowed on appeal in vendor's action for breach of land contract, where neither party has prevailed.

Appeal from St. Clair; Streeter (Halford I.), J. Submitted Division 2 June 8, 1965, at Lansing. (Docket No. 248.) Decided July 19, 1965.

Complaint by Greenbrier Homes, a Michigan limited partnership, by William P. Hull, general partner, against Wallace H. Cook and Ronald St.

Onge, individually and doing business as C. & W. Construction Company, a Michigan copartnership, for damages for breach of a land contract. Summary judgment for defendant St. Onge denied. Defendant appeals. Affirmed and remanded for further proceedings.

*Miles E. Brasch,* for plaintiff.

*Bush, Luce, Henderson & Black (Douglas M. Black,* of counsel), for defendant St. Onge.

Quinn, J. Appellant St. Onge appeals from the trial court's denial of his motion for summary judgment made under GCR 1963, 117. The motion resembles former motion for judgment on the pleadings under 1945 Court Rule 17, § 7. Well-pleaded facts are accepted as true for purpose of decision. *Weinhardt* v. *Addison Community Schools* (1957), 347 Mich 683.

June 8, 1961, plaintiff entered into an executory land contract with Wallace H. Cook and Ronald St. Onge, doing business as C. & W. Construction Company, whereby it agreed to sell and convey to the latter 18 lots in Marysville Estates Subdivision No. 2 for $54,000; $315 down and balance within one year from date. A rider, dated the same day as the contract, disclosed the lots were subject to a mortgage and provided:

"And seller shall not be liable to purchaser by virtue of any damage that might result from said mortgage."

August 10, 1961, Cook and St. Onge executed the following:

"Agreement to Dissolve Partnership.
"On this tenth day of August, 1961, we, the undersigned partners of C. & W. Construction Company,

formed on April 7, 1961, agree to dissolve such partnership and divide the assets and liabilities as follows:

To Wallace H. Cook—
  Marysville Estates Subdivision No. 2
  Spruce St. House
To Ronald St. Onge—
  Money for all jobs done after June 25, 1961, *viz:*
  (1) Remodeling house at 820 Sanborn
  (2) Addition to Marysville fire hall
  (3) Work on 19th avenue house
  (4) Work on house on lot #32 in Marysville Estates #2
  (5) Mortgage money on lot #43
Wallace H. Cook and Ronald St. Onge—
  Share equally debts on lots #32 and 43

| Witness | Signed |
| --- | --- |
| /s/ JAMES T. SCHULTZ | /s/ WALLACE H. COOK |
|  | Wallace H. Cook |
| Witness | Signed |
| /s/ PAUL MELLY | /s/ RONALD ST. ONGE |
|  | Ronald St. Onge" |

This instrument was filed with St. Clair county clerk September 11, 1961. August 25, 1961, plaintiff, at the request of Cook, conveyed 2 of the 18 lots to Cook and Lynch. Defendant purchasers did not pay the contract, and plaintiff filed suit for this breach March 25, 1963. The mortgage mentioned in the rider was foreclosed and the equity of redemption expired August 8, 1963. The balance due on the contract exceeded the amount required to redeem the mortgage.

Appellant relies on *Hornbeck* v. *Midwest Realty, Inc.* (1938), 287 Mich 230, to support his view that conveyance to Cook and Lynch amounted to a rescission on the part of plaintiff. In *Hornbeck,* the vendor conveyed to a third-party stranger to the contract, accepted and retained full purchase price from the vendee and served the latter with notice

of forfeiture. Here, the conveyance was to a party to the contract and a stranger, at the request of the party, and the purchase price was never paid. In spite of these factual differences, it is this Court's opinion that *Hornbeck* would control except for one fact, *viz,* the agreement of August 10, 1961, between Cook and St. Onge; this was 15 days before the conveyance relied on by appellant to establish rescission by the vendor. This agreement effected a dissolution of the partnership. CL 1948, § 449.31 (Stat Ann 1964 Rev § 20.31); *Posner* v. *Miller* (1959), 356 Mich 6; *Atha* v. *Atha* (1942), 303 Mich 611. It was effective August 10, 1961. See *Posner, supra.* The agreement also divested appellant of his interest in the land contract. The general provision of CL 1948, § 449.25(2)(b) [Stat Ann 1964 Rev § 20.25(2) (b)], which reads as follows:

"A partner's right in specific partnership property is not assignable except in connection with the assignment of the rights of all the partners in the same property,"

must yield to the specific provision found in CL 1948, § 449.41(1) and (2) [Stat Ann 1964 Rev § 20.41(1) and (2)]. See 39 ALR 2d 1365. At the time of the conveyance of August 25, 1961, appellant had no interest in the land conveyed and cannot claim this conveyance amounted to rescission by the vendor.

Unfortunately, the agreement of August 10, 1961, did not affect appellant's obligation to the vendor under the land contract. Without novation, the assignment by St. Onge to Cook did not release St. Onge from the obligation in the land contract. *Barnard* v. *Huff* (1930), 252 Mich 258 (77 ALR 259).

Appellee's suit was for damages for breach of contract; it was not for balance of purchase price. No tender of deed was necessary; no showing of ability to perform was required. *McColl* v. *Wardowski*

(1937), 280 Mich 374; *Stewart* v. *McLaughlin's Estate* (1901), 126 Mich 1.

The trial court properly denied the motion for summary judgment. In its brief, appellee asks for summary judgment under GCR 1963, 117.3. This is denied. Each party is entitled to amend, GCR 1963, 117.3, *supra;* the evidence may disclose controlling facts not pleaded; damages must be determined pursuant to rule in *McColl* and *Stewart, supra.*

The trial court is affirmed. No costs are allowed, neither party having prevailed.

J. H. GILLIS, P. J., and T. G. KAVANAGH, J., concurred.