*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RICHARD F. NADEAU and M. MADONNA
NADEAU,

        Plaintiffs-Appellants,

v

VILLAGE GENERAL STORE, LLC,

        Defendant/Third-Party Plaintiff-
        Appellee,

and

ABDELHAKEEM A. FAKHOURY, also known as
HAKIM FAKHOURY,

        Defendant-Appellee,

and

WAYNE COUNTY,

        Third-Party Defendant.

UNPUBLISHED
July 28, 2022

No. 357876
Wayne Circuit Court
LC No. 19-000753-CB

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this breach-of-contract action to recover the outstanding balance of a land contract, plaintiffs Richard F. Nadeau and M. Madonna Nadeau appeal by right the trial court's order granting summary disposition in favor of defendants, Village General Store, LLC (VGS) and

-1-

Abdelhakeem A. Fakhoury, also known as Hakim Fakhoury.[1] For the reasons set forth in this opinion, we affirm.

## I. BACKGROUND

Plaintiffs sold a parcel of real estate to defendant VGS on land contract. Fakhoury signed a personal guarantee with respect to the performance by VGS of its obligations under the land contract. Pursuant to the land contract, VGS, as purchaser, agreed to "purchase the land" and pay plaintiffs, as sellers, the agreed upon sales price and interest. Plaintiffs agreed to sell and convey the land to VGS. The land contract provided that the purchaser agreed to, among other things, "pay all taxes and special assessments hereafter levied on the land before any penalty for non-payment attaches thereto . . . ." The land contract also provided that the seller and purchaser mutually agreed that "if default is made by Purchaser in the payment of any tax or special assessment . . . as above provided, Seller may pay such tax, [or] special assessment . . . and any amount so paid shall be a further lien on the land payable by Purchaser to Seller forthwith with interest at 8% per annum."

Plaintiffs and defendants each appear to contend that the opposing party breached the land contract for various reasons. However, it is undisputed that the property taxes on the subject property were not paid in full at some point and that the property was forfeited to Wayne County in tax foreclosure proceedings and subsequently conveyed to the City of Dearborn. Neither plaintiffs, VGS, nor Fakhoury claim to currently hold title to the property.

Plaintiffs brought this action alleging breach of contract and that Fakhoury individually breached his obligations as guarantor. In their complaint, plaintiffs explicitly sought to recover the outstanding unpaid balance on the land contract, including the entirety of the alleged outstanding principal and interest payments. The trial court granted summary disposition in favor of defendants, reasoning that plaintiffs did not have a right to recover the unpaid balance of the purchase price under the land contract because plaintiffs could not tender title for the property to defendants in return. This appeal followed.

## II. STANDARD OF REVIEW

This Court reviews a decision on a motion for summary disposition de novo. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). Although the trial court cited both MCR 2.116(C)(8) and (C)(10) in its written opinion and order, it is evident from the trial court's language referring to a lack of genuine issues of material fact that its decision relied on (C)(10).

Summary disposition under MCR 2.116(C)(10) is proper if, viewing the record evidence in the light most favorable to the party opposing the motion, "the affidavits or other documentary evidence show that there is no genuine issue in respect to any material fact and that the moving party is entitled to judgment as a matter of law." *Bergen v Baker*, 264 Mich App 376, 381; 691 NW2d 770 (2004). "A genuine issue of material fact exists when the record, giving the benefit of

---

[1] Third-party defendant Wayne County is not a party to this appeal.

reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

We review questions of law, including issues of contract interpretation, de novo. *Johnson v QFD, Inc*, 292 Mich App 359, 364; 807 NW2d 719 (2011).

## III. ANALYSIS

Plaintiffs argue on appeal that the trial court erred by ruling that because plaintiffs could not convey title to the subject property, plaintiffs were not entitled to recover the purchase price under the land contract from defendants.

> The term "land contract" is commonly used in Michigan as particularly referring to "agreements for the sale of an interest in real estate in which the purchase price is to be paid in installments (other than an earnest money deposit and a lump-sum payment at closing) and no promissory note or mortgage is involved between the seller and the buyer." A land contract is therefore an executory contract in which legal title remains in the seller/vendor until the buyer/vendee performs all the obligations of the contract while equitable title passes to the buyer/vendee upon proper execution of the contract. [*Zurcher v Herveat*, 238 Mich App 267, 291; 605 NW2d 329 (1999) (citation omitted).]

Additionally, our Supreme Court has held "that under a land contract, although the vendor retains legal title until the contractual obligations have been fulfilled, the vendee is given equitable title, and that equitable title is a present interest in realty that may be sold, devised, or encumbered." *Graves v American Acceptance Mtg Corp*, 469 Mich 608, 614; 677 NW2d 829 (2004). "At law a contract for the purchase of land gives the vendee no interest in the land; but the rule is otherwise in equity, which considers the vendor, as to the land, a trustee for the purchaser, and the vendee, as to the money, a trustee for the seller. In equity the land belongs to the vendee, and may be sold, devised, or incumbered by him, and on his death will descend to his heirs." *Id*. at 615 (quotation marks and citations omitted).

Here, there is no question of fact that the property at issue was forfeited in tax foreclosure and that neither plaintiffs nor defendants currently have title to the property. In their complaint, plaintiffs pleaded this action as one seeking the land contract's unpaid balance.

Almost a hundred years ago, our Supreme Court held: "tender of a deed is necessary before one may sue on a land contract to recover the unpaid purchase price claimed to be due thereunder …." *McColl v Wardowski*, 280 Mich 374, 376; 273 NW 736 (1937). Because plaintiffs did not and cannot tender a deed to the subject property, plaintiffs are not entitled to the unpaid purchase price on the land contract. Therefore, the trial court did not err by granting summary disposition in favor of defendants.

Plaintiffs' various arguments attempt to demonstrate that defendants were responsible for the property being forfeited in tax foreclosure proceedings do not impact the application of the rule from *McColl* cited above and are therefore irrelevant to the narrow issue currently before this Court. Plaintiffs argue that they were able to convey marketable title by warranty deed at the time the parties executed the land contract. Further they allege the fact that title to the subject property

now resides in the City of Dearborn following tax foreclosure proceedings is attributable to solely to defendants' failures. As such, their contention is that plaintiffs are still able to tender a "warranty deed" as contemplated by the terms of the land contract. In support of this argument, plaintiffs quote the following language from the land contract stating that plaintiffs, as sellers, agreed to

> execute and deliver to Purchaser or his assigns, upon payment in full of all sums owing hereon, less the amount then owing on any unpaid mortgage or mortgages, and the surrender of the duplicate of this contract, a good and sufficient warranty deed conveying title to the land, subject to abovementioned restrictions and easements and to any then unpaid mortgage or mortgages, but free from all other encumbrances, except such as may be herein set forth or shall have accrued or attached since the date hereof through the acts or omissions of persons other than Seller or his assigns.

However, the forfeiture of the subject property in tax foreclosure proceedings, with the resulting loss of title, clearly exceeds the bounds of what could fairly be understood to be an encumbrance. See *Darr v First Fed S&L Ass'n of Detroit*, 426 Mich 11, 20; 393 NW2d 152 (1986) (explaining that the term "encumbrance" has been defined to include any right or interest in the land constituting a burden upon the title "to the diminution of the value of the land, *but consistent with the passage of the fee by the conveyance*") (quotation marks and citation omitted).

Accordingly, we conclude that the trial court did not err in its ruling dismissing plaintiff's complaint.

Defendants having prevailed are entitled to costs. MCR 7.219.

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello