[L. A. No. 4519.  Department Two.—January 27, 1919.]

MICHELIN TIRE COMPANY OF CALIFORNIA (a Corporation), Respondent, v. COLEMAN & BENTEL COMPANY et al., Appellants.

APPEAL—CONFLICT OF EVIDENCE—FINDINGS.—Where there is a substantial conflict in the testimony the appellate court must uphold the trial court in its findings.

ACTION FOR DEBT—STATUTE OF LIMITATIONS—EFFECT OF STIPULATION.— In an action to recover an indebtedness, the objection that the plaintiff was not the owner and holder of the claim at the time of the commencement of the action was waived and the action properly regarded as having been commenced at the time such complaint was filed, so far as the statute of limitations was concerned, where the claim was subsequently assigned to the plaintiff, and a stipulation made that an amended complaint might be filed upon the assigned claim and that no further objection to the prosecution of the action should be made on that ground.

CONTRACT—PLACE OF EXECUTION—LAST ACT IN THIS STATE.—Where a contract was prepared and signed by one of the parties in this state and then forwarded to the other party in another state, and the latter after making a substantial change in one of its provisions returned it to this state with advices as to the change, whereupon the party in this state, by letter, accepted the modification, the contract was executed in this state.

APPEAL from a judgment of the Superior Court of Los Angeles County.  John W. Shenk, Judge.  Affirmed.

The facts are stated in the opinion of the court.

H. C. Millsap, for Appellants.

Ward Chapman, for Respondent.

LENNON, J.—Action to recover an indebtedness which arose out of the sale of automobile tires and accessories to the Coleman & Bentel Company under certain agency contracts— the defendant George R. Bentel having been included as a party defendant on account of his proportionate stockholders' liability to the extent of the stock owned by him in the defendant corporation. The action was begun January 17, 1912. The court made findings and rendered judgment in favor of plaintiff corporation for $17,749.14 and interest from January 17, 1912, and against George R. Bentel for $7,522.90 and interest, for his proportionate share of said indebtedness as a stockholder of defendant corporation.

In August, 1908, a contract was made between Coleman & Bentel and the Michelin Tire Company of New Jersey whereby the former was given an exclusive agency for handling Michelin tires in Los Angeles County, and bound itself to keep a minimum stock on hand of the value of five thousand dollars and to purchase its supplies outright from the New Jersey corporation at its schedule of prices, with a five per cent discount, and to make monthly settlements for all goods received. At the time this contract was entered into the plaintiff was a branch subsidiary California corporation of the New Jersey corporation which latter corporation held all its stock. Under the contract large quantities of goods were supplied, mostly from Milltown, New Jersey, but some also from the San Francisco branch. The appellants contended that this contract was executed in New Jersey, but the court found that it was executed in California. It was superseded about the 10th of August, 1909, by a new contract, executed by the plaintiff corporation, whereby the Coleman & Bentel Company was constituted the agent of said corporation for handling and distributing its goods upon consignment. Under these contracts, and successive yearly contracts, large quantities of goods were supplied, either from Milltown, New Jersey, or through branches of the Michelin Tire Company, upon consignment, and as the goods were sold or adjustments or replacements made, monthly statements thereof were required to be sent to the Milltown offices of the corporation with remittances to cover the indebtedness therefor, after deducting the discounts allowed. Remittances were sometimes made through the San Francisco offices. Business

was conducted in substantially the same manner during the existence of the contracts and until the month of January, 1912. The controversy out of which this litigation arose was precipitated by a demand in the month of November, 1911, by the Michelin Tire Company for the payment of the balance shown to be due from defendant company by the books of the Michelin Tire Company, and culminated in January, 1912, by the removal from the possession of defendant company of all goods, wares, and merchandise in its possession under consignment from the Michelin Tire Company, and the bringing of suit on January 17, 1912, for the sum of $22,366.19, which is the amount of the judgment less $480.03 found by the court to be barred by the statute of limitations and the allowance of a credit of $2,888.80 claimed as a rebate by defendant company and disputed by plaintiff, and a further amount of $1,247.99 collected. In its answer the defendant company admits an indebtedness of $11,863.97. The court found that the defendant company had not accounted for or paid to plaintiff or its assignor, the Michelin Tire Company of New Jersey, the whole of the purchase price of goods shipped to defendant company under these contracts. It further found that there had never been an account stated between the parties.

As a foundation for the introduction of the ledger sheets showing the account between the Michelin Tire Company and the defendant company disclosed by the Michelin Tire Company's books, the business methods of the Michelin Tire Company, at its principal place of business in New Jersey and at its various branch houses, in its sales and accounting departments, was testified to in detail by the auditor of the Michelin Tire Company, and the various steps followed in the handling of accounts from the initial order to the final entry in the Milltown ledger. This testimony was corroborated by the various managers and heads of the collection and credit, the order. the stock, the shipping and the claim departments, as well as by the manager of the California branch and his subordinates; invoices of deliveries from the San Francisco and Los Angeles branches were produced, and authenticated copies of the house orders and invoices on file at the Milltown office were introduced and received in evidence as part of the foundation for the introduction of the ledger sheets of the account here involved. From the testimony as to the routine

of checking, double checking, rechecking, comparing and posting, it is fairly inferable that the business of the Michelin Tire Company and its branches was conducted with all the safeguards of modern business efficiency so as to reduce the possibility of error to a minimum.    From these ledger sheets so introduced in evidence upon this foundation, Mr. Connolly, the auditor of the Michelin Tire Company, as he is permitted to do under subdivision 5 of section 1855 of the Code of Civil Procedure (*People* v. *Dole,* 122 Cal. 486–496, [68 Am. St. Rep. 50, 55 Pac. 581] ; *Wilson* v. *Asphalt Co.,* 142 Cal. 182–189, [75 Pac. 787] ), summarized as follows:

Total debits are ......................$185,286.06
Total credits are ...................... 167,056.89

Leaving a balance of ..............$18,229.17

Of this the court disallowed the item of $480.03, above referred to, leaving a balance for which judgment was rendered of $17,749.14.    The disallowance of this item is not complained of.

Upon the defendant company's side the court had before it evidence to the effect that Coleman & Bentel had been furnished with a bill of particulars as early as February, 1912, which contained a complete statement of the account and referred to certain duplicate entries of credit made by defendant company's bookkeeper in her account as rendered.    No substantial criticism was raised as to the correctness of the Michelin Tire Company's account until the trial, and what criticism then and since made in the brief of appellant has been satisfactorily explained away by respondent's attorneys. The bookkeeper of defendant, Mrs. Edmond, apparently could not explain the duplication of credits in favor of the Coleman & Bentel Company above referred to, and the accounts she submitted were entered on sheets torn from several different permanent books, but the books themselves were not accounted for.    The following indicates the condition at the time of the trial: "Q. Where were those books?    A. I don't know where they were.    Q. Have you looked for them?    A. No, I have not looked for them because I do not know where they are. Q. Would you not know where to look for them?    A. No, I don't.    Q. You kept also a private book called an adjustment book in the sales room?    A. Yes.    Q. Where is that book?

A. I don't know. Q. Would you not know where to look for that either? A. No, I would not; it may be in the building, but I wouldn't say because we have moved since then, and I couldn't say whether it was moved or not. . . . Q. Have you made any further search for any of the books of this corporation, journal, sales book, or adjustment book? A. No, sir. Q. Why not? You were served with a notice to produce them, were you not? A. I have no books in my possession. Q. Who has charge of them now? A. I don't know where they are." Inasmuch as the whole question involved upon the facts was the correctness of the account, a conflict of evidence was presented to the court which it has decided in favor of the correctness of the books kept by the plaintiff corporation as against the very unsatisfactory testimony and showing of a foundation for the account contended to be correct by the defendant company. Where there is a substantial conflict in the testimony this court must uphold the trial court in its findings.

The appellant filed an opening brief and the respondent filed an answer thereto. Instead of a reply brief appellant has printed and filed his oral argument before this court, in which he apparently abandons many of the points urged in his opening brief, and urges this court to modify the judgment to the extent of $2,583.88 on the ground that on June 4, 1912, the date of the filing of the amended complaint, the amount due and unpaid the Michelin Tire Company was during the preceding two years $3,063.91, which reduced by $480.03, the amount the court found was barred by the statute of limitations, which allowance, although erroneous, is not complained of, makes the amount of $2,583.88. The contentions of appellant in this regard are (1) that the action was not commenced until June 4, 1912, the date of the filing of the amended complaint; and (2) that the contract was executed in the state of New Jersey and not in California.

At the time of the filing of the original complaint on January 17, 1912, the plaintiff corporation had not been assigned the claim of the Michelin Tire Company of New Jersey. This assignment did not take place until April 2, 1912, and the filing of the amended complaint setting forth this assignment on June 4, 1912, was the pleading of a new cause of action, but in the meantime the defendant company had entered into a stipulation in consideration of "mutual stipulations"

whereby it stipulated "that the Michelin Tire Company of California may file an amended complaint in the above-entitled action upon the assigned claim of the Michelin Tire Company of New Jersey, and that the objection 'that the Michelin Tire Company of California was not the owner and holder of said claim, or of any claim, against the defendants or either of them at the time of the commencement of the above-entitled action,' shall be for the purposes of the further prosecution of this action waived, in consideration of, and subject to the conditions hereinbefore expressed. That no objection to the prosecution of this action will be made by defendants, or either of them, on the ground that the Michelin Tire Company of California is not the owner and holder of said claim against the defendants, or either of them, at the time of the commencement of the above-entitled action." The court in this regard found that the defendants had waived the objection "that the Michelin Tire Company of California was not the owner and holder of said claim or any claim against the defendants or either of them at the time of the commencement of this action." In view of the fact that the Michelin Tire Company of California was but a subsidiary domestic corporation of the Michelin Tire Company of New Jersey, its stock being held by the New Jersey corporation, organized as a California branch for the better distribution of its wares; that all contracts save the original contract were entered into between the California Corporation and Coleman & Bentel, and the latter company was being supplied in part and making settlements at times through this branch as well as with the parent corporation, and that we may assume that a desire for fair dealing and an equitable adjustment of the differences between the respective parties moved them, it is hard to believe that the stipulation was intended to mean anything else than what it says, and that the minds fairly met, and having accepted the benefits of the stipulation defendants are bound by the fair and not reserved interpretation of its terms. The trial court so held and we will not disturb its finding in this regard. The fact that the action was instituted on January 17, 1912, coupled with the stipulation waiving whatever objection might have been made to the amendment of the cause of action originally pleaded, and which plainly permitted the prosecution and defense of the action upon the amended pleading on the theory that the original cause of

action was still extant and being litigated suffices, we think, to toll the statute of limitations.

The second contention of appellant is that the contract first entered into between the parties was executed in New Jersey instead of in California and, therefore, the two-year bar of the statute of limitations applies. The contract in question was prepared in Los Angeles, signed by the defendant company there and forwarded to the Michelin Tire Company of New Jersey at Milltown for acceptance. It contained a provision that it should not be binding until accepted by the Michelin Tire Company. Upon receipt of the contract at Milltown the Michelin Tire Company, after making a *substantial* change in one of the provisions of the contract, signed the same and returned it to the defendant company with advices as to the change. Until this change had been approved it was not the contract between the parties. The defendant company upon receipt of the contract as modified, by letter dated November 5, 1908, and mailed from Los Angeles, advised the Michelin Tire Company that it accepted the contract as modified. Under the authorities the contract was clearly executed in California where the last act in its execution was performed. (*Ivey* v. *Kern County Land Co.,* 115 Cal. 196, [46 Pac. 926]; *Bank of Yolo* v. *Sperry Flour Co.,* 141 Cal. 314, [65 L. R. A. 90, 74 Pac. 855].) The trial court correctly found in this regard.

The judgment is affirmed.

Wilbur, J., and Melvin, J., concurred.