[Civ. No. 18788. Second Dist., Div. Three. June 25, 1952.]

STRATFORD WOODHOUSE, Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation) et al., Appellants.

C. W. Cornell, Oscar O. Collins and Randolph Karr for Appellants.

Lasher B. Gallagher, Henry E. Kappler and Sampson & Dryden for Respondent.

VALLÉE, J.—Plaintiff, shortly after he attained the age of 21, brought this action for damages for personal injuries alleged to have been sustained as a result of the negligence of defendants on September 29, 1938, when he was 14 years of age. In their answer, among other defenses, defendants pleaded two pleas in bar; (1) that on July 7, 1939, on petition of plaintiff's father, the Superior Court of Los Angeles County by written order approved a compromise of plaintiff's claim against defendants on account of the injuries described in the complaint; that pursuant thereto defendant railway company paid plaintiff's father $500 on behalf of plaintiff, and plaintiff's father executed a release of all claims against the defendants; (2) that on March 30, 1946, plaintiff moved the Superior Court of Los Angeles County to set aside the order of July 7, 1939, on the ground among others that the court was without jurisdiction to make the order; that the motion was denied. The answer prayed that plaintiff take nothing and that an injunction be issued against plaintiff enjoining him from prosecuting this action and from pressing or filing any claims, action, or actions against defendants arising out of the accident.

Pursuant to section 597 of the Code of Civil Procedure the court proceeded to the trial of the special defenses before the trial of any other issue in the case. At the conclusion of such trial the court caused a minute order to be made overruling and denying the pleas in bar, filed a memorandum for decision, made findings of fact and conclusions of law, and rendered an interlocutory judgment adjudging that the release was not binding on plaintiff, that the court was without jurisdiction to approve the compromise, and that plaintiff is entitled to maintain and prosecute the action.

Defendants then filed a notice of intention to move for a new trial. Defendants also filed a notice of appeal from the interlocutory judgment and from the order and judgment refusing to grant the injunction requested and prayed for. No mention was made of an injunction in the minute order deciding the issues made by the pleas in bar, or in the interlocutory judgment. Thereafter the court dismissed the motion for a new trial on the ground it was premature and vacated the interlocutory judgment on the ground it was not authorized by section 597 and was inadvertently entered. Defendants then filed a notice of appeal from (1) the memorandum for decision, (2) the findings of fact, (3) the conclusions of law, (4) the interlocutory judgment, (5) the minute order dismissing the motion for a new trial and vacating the interlocutory judgment, and (6) the minute order overruling the pleas in bar and deciding them in favor of the plaintiff.

The various matters appealed from are nonappealable and the appeals must be dismissed.

Section 597 provides: ''When the answer pleads that the action is barred by the statute of limitations, or by a prior judgment, or that another action is pending upon the same cause of action, or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar or ground of abatement to the prosecution thereof, the court may, upon the motion of either party, proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court, or the verdict of the jury upon any special defense so tried (other than the defense of another action pending) is in favor of the defendant pleading the same, judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated; and where the defense of another action pending is sustained (and no other special defense is sustained) an interlocutory judgment shall be entered in favor of the defendant pleading the same to the effect that no trial of other issues shall be had until the final determination of such other action, and the plaintiff may appeal from such interlocutory judgment in the same manner and within the same time as is now or may be hereafter provided by law for appeals from judgments. If the decision of the court, or the verdict of the jury, upon the special defense or defenses so tried shall be

in favor of the plaintiff, trial of the other issues shall thereafter be had upon the motion of either party, and judgment shall be entered thereon in the same manner and with the same effect as if all the issues in the case had been tried at one time. In such event any and all decisions or verdicts upon such special defense or defenses, and all rulings on the trial thereof shall be deemed excepted to and may be renewed on motion for a new trial or upon appeal from such judgment.''

When, as in the present case, the answer sets up special defenses not involving the merits of plaintiff's cause of action but constituting a bar to the prosecution thereof, and the decision of the court is in favor of the plaintiff, the action is in the same status it would have been had the special defenses not been pleaded,—and a judgment should not be rendered or entered. (*Cf. Blume* v. *MacGregor,* 64 Cal.App. 2d 244, 249 [148 P.2d 656].) The action then proceeds to trial on the issues made by the complaint and the other defenses pleaded,—and, on their determination, a judgment is rendered and entered. (See 13 So.Cal.L. Rev. 18.) In such event the decision of the court on the special defenses tried and all rulings on the trial of them are deemed excepted to and, by the express language of section 597, may be reviewed on motion for a new trial or upon an appeal from the judgment.

If, on the trial of special defenses only, the decision is in favor of the defendant pleading the same, the trial is at an end (*Steiner* v. *Thomas,* 94 Cal.App.2d 655, 658 [211 P.2d 321]); a judgment is then entered for the defendant; and, on a motion for a new trial or upon appeal from the judgment, the decision on the special defenses and all rulings on the trial of them may be reviewed. An interlocutory judgment should not be entered when a special defense constitutes a bar to the prosecution of the action.

It is only where a special defense is of another action pending,[1] and such defense only is sustained, that an interlocutory judgment is entered to the effect that no trial of other issues shall be had until the final determination of such other action. (See *Lord* v. *Garland,* 27 Cal.2d 840, 851 [168 P.2d 5].) An appeal lies from such an interlocutory judgment.

---

[1] And perhaps in cases where the plea in abatement is other than that of another action pending. (See 13 So.Cal.L.Rev., 14, 15.)

In the case at bar the decision of the court in favor of plaintiff on the special defenses and all rulings on the trial of them may be reviewed on appeal from the judgment entered on the trial of the other issues, and the present appeals are premature.

 Appellants say they prayed for an injunction; that the effect of the decision for the plaintiff on the special defenses was to deny them an injunction; and that, therefore, they have a right to appeal because an order refusing an injunction is appealable. (Code Civ. Proc., § 963.) In *Weber* v. *Superior Court*, 26 Cal.2d 144, 148 [156 P.2d 923], the court said: "[T]he prayer for relief does not necessarily establish the character of an action. As stated in *Standard Brands of Calif.* v. *Bryce,* 1 Cal.2d 718, 721 [37 P.2d 446], 'The subject matter of an action and the issues involved are determinable from the facts pleaded, rather than from the title or prayer for relief.' [Citations.] If a plaintiff prays for relief beyond the obvious purpose of the complaint and not warranted by the facts alleged, the prayer may be disregarded. [Citations.]" No facts for injunctive relief are alleged in the special defenses tried. A plea in bar does not constitute ground for an injunction. Since the only reference to an injunction was in the prayer of the answer, it was properly disregarded by the trial court. The mere fact that a request for an injunction was inserted in the prayer does not give defendants the right to appeal.

The appeals are dismissed.

Shinn, P. J., and Wood (Parker), J., concurred.

A petition for a rehearing was denied July 10, 1952, and appellants' petition for a hearing by the Supreme Court was denied August 21, 1952. Schauer, J., was of the opinion that the petition should be granted.