[Civ. No. 19175.   Second Dist., Div. Three.   Jan. 8, 1953.]

HAROLD B. EVANS, JR., Appellant, v. FLOYD K. HORTON, Respondent.

Sanner, Fleming & Irwin, Joseph C. Smith and John Amos Fleming for Appellant.

Paul R. Hutchinson for Respondent.

VALLÉE, J.— Plaintiff brought this action for damages for fraud. As a special defense to specific paragraphs of the complaint defendant pleaded res judicata. At the instance of plaintiff the court proceeded to the trial of the special defense before the trial of any other issue. The decision on the special defense was in favor of defendant and judgment for him followed. Plaintiff appeals.

Prior to commencing the present action, plaintiff brought four suits against defendant for rescission. Two of these suits, Nos. 549296 and 549297, pertained to the purchase by plaintiff of a building, the investment of funds in The Mothimune Company, and the vesting in defendant by plaintiff of a half interest in the real property and business of that company, referred to as the Mothimune transactions. These suits were tried, resulting in a judgment in each case in favor of defendant. The other two suits, Nos. 549298 and 549299, pertained to the purchase by plaintiff of an interest in Columbia Carpet Service Company, the transfer by plaintiff to defendant of an interest in that company, and the repurchase by plaintiff from defendant of that interest, referred to as the Columbia transactions. The Columbia cases have not been tried.

In this action the complaint alleged that plaintiff was induced to enter into the Mothimune transactions by reason of false and fraudulent representations of defendant respecting the business, its prospects, and future profits. It alleged that the representations were known to defendant to be false, were made to induce plaintiff to purchase the property and invest his money, and that he relied thereon to his damage. It alleged that at a later time plaintiff was induced to enter into the Columbia transactions by reason of false representations made by defendant, known by him to be false, on which plaintiff relied to his damage. It also alleged that at a later time, by reason of threats made and duress exerted by defendant, plaintiff, to his damage, bought defendant's interest in Columbia.

In his answer, defendant denied the allegations of fraud, threats, and duress, and pleaded affirmatively that all claims of fraud with respect to the Mothimune transactions had been

finally adjudicated in the rescission suits Nos. 549296 and 549297, in which judgments for defendant had been rendered and had become final.

The judgment in this action reads as follows: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the plaintiff is barred from proceeding against the defendant upon any matter adjudicated by this court in proceedings numbered 549,296 and 549, 297 in the files of this court; that no trial of the other issues in this action shall be had· unless this judgment shall be reversed on appeal or otherwise set aside or vacated." No trial was had, findings made, or judgment rendered concerning the issues made by the pleadings with respect to the Columbia transactions, or with respect to the purchase by plaintiff of defendant's interest in Columbia.

Plaintiff says his unsuccessful attempt to secure rescission in the Mothimune cases does not bar his present action for damages for fraud, and that, in any event, the judgments in those cases are not res judicata as to the Columbia transactions. Defendant says the former judgments in the Mothimune cases are res judicata of all issues here. ■ The rule is that if, in a suit for rescission, a judgment is rendered after a trial on the merits, such judgment is res judicata not only as to the issues actually raised but as to issues which could have been raised in support of the action. ■ A party claiming to have been defrauded must seek all the relief to which he may be entitled in one action, and he may not, after having failed in an action to rescind a purchase for fraud which has been adjudicated after a trial on the merits, thereafter bring a second action for damages. (*Wulfjen* v. *Dolton*, 24 Cal.2d 891 [151 P.2d 846].)

In Nos. 549296 and 549297 plaintiff sought decrees rescinding the Mothimune transactions. In each of those actions, plaintiff pleaded the same fraud as is alleged in this action. In each of those actions, the court found that plaintiff did not enter into the transactions because of, or relying on, any representations of defendant; that the representations alleged in this action with respect to the Mothimune transactions were not true; that it was not true that any representation made by defendant to plaintiff was false or made for the purpose of inducing plaintiff to enter into the transactions; and that it was not true that "plaintiff has been damaged in any way by any fraud or misrepresentations or promises on the part of defendant, or that there has been any fraud or misrepresentations or false or unfilled promises." At the trial

of this action, plaintiff's counsel said: "We will state that we do seek in this case to prove the same material facts as we did in those two cases referred to between the same parties." He makes the same concession here.

This action, as respects the Mothimune transactions, is on the same claim as the suits for rescission; different relief only is sought. ██ Where either of two remedies is equally available to vindicate the same right, a judgment on the merits in an action seeking one of them bars a resort to the other. (*Suisun L. Co.* v. *Fairfield School Dist.*, 19 Cal.App. 587, 593-594 [127 P. 349] ; *Richard* v. *St. John*, 264 Mich. 192 [249 N.W. 501].) The prior judgments therefore operate as a complete bar to the present action insofar as damages are sought for fraud as to the Mothimune transactions. (See *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242] ; *Detwiler* v. *Clune*, 77 Cal.App. 562, 574-577 [247 P. 264].) In *Krier* v. *Krier*, 28 Cal.2d 841, it is said (p. 843 [172 P.2d 681]) : "It is settled, however, that a judgment in a prior action between the same parties on the identical cause of action is res judicata, and a bar to a second suit thereon, not only as to issues actually determined therein but also as to issues necessarily involved. [Citations.] And even though the causes of action be different, the prior determination of an issue is conclusive in a subsequent suit between the same parties as to that issue and every matter which might have been urged to sustain or defeat its determination." Cases such as *McGibbon* v. *Schmidt*, 172 Cal. 70, 75 [155 P. 460], and *Herdan* v. *Hanson*, 182 Cal. 538 [189 P. 440], in which the prior judgments claimed to be res judicata were judgments of nonsuit, are not in point. (See *Keidatz* v. *Albany*, 39 Cal.2d 826 [249 P.2d 264].)

██ Plaintiff argues that because the court, in the prior actions, found he had not taken all necessary steps to rescind the Mothimune transactions the findings of want of fraud were surplusage, not necessary to the judgments, and therefore the judgments are not res judicata on the question of fraud. The rule invoked by plaintiff applies only when the issue was immaterial to the decision of the prior case, or was only incidentally cognizable, or only collaterally in question. (50 C.J.S. 206, §§ 721-725; Anno. 133 A.L.R. 840.)

██ In general, a fact, question, or claim is within the doctrine of res judicata when an issue concerning it is tendered and accepted by the pleadings in the case and is determined on the merits. (*Clark* v. *Bauer*, 135 Cal.App. 65, 69-74 [26

P.2d 729]; *Bank of America* v. *Feig*, 21 Cal.App.2d 247 [68 P.2d 985]. See *Keidatz* v. *Albany*, 39 Cal.2d 826 [249 P.2d 264].) ██ Unless expressly excluded from the effect of the adjudication, if the questions involved in a suit are tried and decided, no matter how numerous they may be, the estoppel of the judgment applies to each point so settled in the same degree as though it were the sole issue in the case. (50 C.J.S. 208, § 721.)

██ A court is not confined to a single point or ground in deciding an action. Where a court has decided an action on more than one ground, it cannot be said that one ground rather than the others was essential to the decision, and that the others were immaterial or unnecessary. In determining the conclusiveness of a finding or holding on a certain point, the inquiry is not whether the court might have avoided making a finding on the particular point but whether the finding or holding is on a point in issue and whether it is consistent with, and supports or contributes to, the actual decision rendered. ██ A judgment based on several grounds or points, each of which was put in issue by the pleadings and expressly decided, is conclusive as res judicata or estoppel as to each of such grounds or points. (See cases collected—133 A.L.R. 846.) If a case is decided on one or more grounds, each ground is a good estoppel. (*Irving Nat. Bank* v. *Law*, (2 Cir.) 10 F.2d 721, 724. See *Dobbins* v. *Title Guar. & Trust Co.*, 22 Cal.2d 64, 70-71 [136 P.2d 572].) Mr. Freeman says: ''But there is a difference between a finding or adjudication which is immaterial and one which is material, though perhaps unnecessary in view of other findings. The mere fact that the court goes further than is absolutely necessary to sustain its judgment in determining material issues presented to it does not prevent such issues from becoming res judicata.'' (2 Freeman on Judgments, 1478, § 698.) ██ The question of fraud in the Mothimune transactions was not immaterial to the decisions in the prior rescission suits, nor was it only incidentally cognizable nor only collaterally in question. It was tendered and accepted by the pleadings; it went to the merits of the suits; it was litigated; expressly decided; and is res judicata. (See *Henderson* v. *Miglietta*, 206 Cal. 125 [273 P. 581].)

The court found that in the prior Mothimune suits plaintiff made the same, or substantially the same, allegations pertaining to the alleged fraud of defendant in the Mothimune transactions as he makes in this action, and concluded that

plaintiff is barred by said judgments from recovering any relief on account of the facts adjudicated in favor of defendant in those suits. At the conclusion of the trial, the court stated that under section 597 of the Code of Civil Procedure "judgment must be entered and no trial of other issues in this action may be had." In accord with this view, the judgment heretofore quoted was rendered.

The court erred in not trying the remaining issues and in rendering judgment. The special defense of res judicata was directed only to certain specific paragraphs of the complaint pleading fraud with respect to the Mothimune transactions. It did not in any way affect the issues as to the Columbia transactions. The latter issues remained in the case and should have been tried. It is only when the decision on the trial of the special defense is that the entire action is barred by a prior judgment that the court is empowered to render judgment for the defendant who has pleaded the special defense. (See Code Civ. Proc., § 597; *Woodhouse* v. *Pacific Elec. Ry. Co.*, 112 Cal.App.2d 22 [245 P.2d 701].) When, as here, the court proceeds to try a special defense which does not constitute a bar to the entire action before the trial of any other issue, and the decision on such special defense is in favor of the defendant, the proper procedure is to make a minute order to that effect, proceed to the trial of the remaining issues, make findings of fact and conclusions of law on all issues, and render judgment accordingly. In such a case, the decision of the court on the special defense and all rulings on it may be reviewed on appeal from the judgment. Plaintiff pleaded three separate causes of action in one count: one with respect to the Mothimune transactions and two with respect to the Columbia transactions. One of those causes only was affected by the plea and the finding of res judicata. By insisting he has a right to try the two causes of action not affected by the plea plaintiff is not splitting a cause of action, nor is he basing his claim on the same right, as to those causes, on which he based his claim in the prior Mothimune suits nor on the same violation of duty by defendant, as defendant argues.

The judgment is reversed with directions to enter a minute order sustaining the defense of res judicata with respect to the Mothimune transactions, to try the remaining issues, to then make findings and conclusions of law as to all issues, and to render judgment accordingly.

Shinn, P. J., and Wood (Parker), J., concurred.