[Civ. No. 20693.   Second Dist., Div. Two.   May 11, 1955.]

RECORD MACHINE AND TOOL COMPANY (a Corporation), Respondent, v. PAGEMAN HOLDING CORPORATION (a Corporation), Appellant.

Max Tendler for Appellant.

Montgomery G. Rice for Respondent.

MOORE, P. J.—This is a second appeal. (*Record Machine & Tool Co.* v. *Pageman Holding Corp.*, 42 Cal.2d 227 [266 P.2d 1].)

The question for decision is whether the court's award of $12,000 as the amount of damage suffered by respondent by virtue of appellant's not having transferred to respondent a certain patent on a bit used in drilling for oil is excessive. It was the only item of several properties included in the agreement to sell and convey which appellant could not deliver.

In April 1947 appellant agreed to assign five United States Letters Patent and to convey certain real and personal properties to respondent for the sum of $100,000 on terms and conditions detailed in a conditional sales contract. On August 23, 1951, respondent tendered, at the place specified in the agreement of sale, the total unpaid balance, to wit $26,549.18, and its demand that appellant perform the agreement by depositing the necessary instruments of title in escrow for delivery concurrently with appellant's receipt of the last mentioned sum, the total amount tendered under the conditional sales contract. Appellant refused such tender and refused to perform the contract or to deliver any title paper conveying any of the properties to be conveyed to respondent, although respondent was able and willing to perform according to its tender. The court found that respondent performed all the conditions required of it by the sales agreement and that the tender was valid and immediately vested in respondent title to all the properties to be conveyed. Appellant did not convey one of the patents, No. 2133022, herein designated as 022, and was unable to do so. In an action for specific performance of the sales agreement, the trial court adjudged that respondent was entitled to performance, but failed to find the amount that should have been credited on the purchase price of $100,000 by reason of appellant's failure to convey patent 022. On appeal the judgment was reversed with directions to "render the same judgment heretofore given, but in addition, shall ascertain and declare the rights of the parties with respect to the payment of the unpaid balance of the purchase price, if any, under the contract, and the effect thereon of defendant's inability to give good title to the patent it does not own." Upon a retrial, the court found that $12,000 was the amount to which respondent was entitled by reason of appellant's inability to convey patent 022. The ensuing judgment is now here on appeal.

Appellant contends that the finding of $12,000 as the value of respondent's loss for not receiving an exclusive license

to manufacture under patent 022 is not supported by, and is contrary to the evidence; that such award did not comply with the Supreme Court's order; that the patent had only a nominal value and that the court's finding was purely speculative. In its opening brief, appellant states the correct issue, to wit, in what amount should damages be awarded for failure to deliver an exclusive license to manufacture rotary drills. Appellant attempts to show that the actual patent 022 unincumbered was not worth the award. The Supreme Court's order required the trial court to find *"the effect* thereon of defendant's inability to give good title to the patent it does not own." The court order says nothing about the actual value of the rotary drills under the patent. *Effect* is defined by Webster's Dictionary as meaning "consequence" or "result." The consequence or result to the respondent is its loss of the exclusive right to operate under the patent, not the amount of damages suffered by reason of appellant's having made or not made so many rotary drills under patent 022. At the trial, the evidence showed that the rotary drill in question is being produced by a rival company under the patent 022 by due and sufficient assignment as a result of which it could not be transferred, with clear title to respondent. It was proved that the drill in question has a (1) single axis; (2) requires less weight in operation and therefore makes a straighter hole; (3) is more economical to repair; (4) runs longer than the average drill; (5) and the demand for such drill is world wide. Substantial evidence was adduced to the effect that grave injury occurred from the breach of the contract by the appellant.

The question of damages that might have been suffered by respondent's having been deprived of the profits from sales of rotary drills was not the issue. It would have been purely speculative. But the loss of exclusive rights of operation and manufacture is substantial. It is the accepted rule of law that where a buyer has suffered substantial damages by the seller's failure to deliver a part of the property included in his contract of sale, the uncertainty in the evidence relating to the amount of damages sustained is relatively unimportant. (*Monroe* v. *Owens,* 76 Cal.App.2d 23, 30 [172 P.2d 110].) Even where the amount is entirely difficult of ascertainment, the sum to be awarded is a question for the court in the exercise of its sound discretion and will not be disturbed on appeal on the showing of substantial evidence of the wrong. "While the actual amount of damages from the breach

of a contract may not be susceptible of exact proof, the law does not permit one whose act has resulted in loss to another to escape liability on that account; the law requires only that the best evidence be adduced of which the nature of the case is capable. (*Pye* v. *Eagle Lake Lbr. Co.*, 66 Cal.App. 584, 590 [227 P. 193] ; *Hacker Pipe & Supply Co.* v. *Chapman Valve Mfg. Co.*, 17 Cal.App.2d 265, 271 [61 P.2d 944].) The question of whether the patent had only a nominal value or was worth $12,000 as awarded by the court is immaterial in the face of the substantial evidence pointing to the loss of the exclusive rights of production, and by appellant's failure to deliver such rights to the detriment of respondent who had relied on the valid assignment and a clear title.

Appellant contends that the court erred in ruling that the Pageman Holding Corporation was the *alter ego* of Rudolph Pageman, and his wife Caroline. Appellant contends that because they were not parties to this action in their individual capacities, such a judgment cannot be rendered.

In no way has appellant proved how it has been injured by such holding. In the previous trial, Pageman stated, "We are the corporation, I am and my wife." This clearly points out that the corporation was in truth the *alter ego* of the Pagemans, however, regardless of this finding, "one not aggrieved by a judgment has no right of appeal." (*Nicholas* v. *Nicholas*, 110 Cal.App.2d 349, 353 [242 P.2d 679] ; Code Civ. Proc., § 938.) It is sufficient answer to the appellants' contention to say that this is of no concern to them. They are entitled to complain only of such matters as injuriously affect them. (*De Arman* v. *Connelly*, 134 Cal.App. 173, 181 [25 P.2d 24].)

The trial court with the facts at hand has effectually carried out the direction of the Supreme Court. It is a fair presumption that the Supreme Court would not have burdened the trial court with the task of fixing token damages. The high court recognized that respondent had been deprived of a substantial right and by their decision amended the situation.

The judgment is affirmed.

McComb, J., and Fox, J., concurred.