RECORD MACHINE AND TOOL COMPANY (a Corporation), Plaintiff and Appellant, v. PAGEMAN HOLDING CORPORATION (a Corporation), Respondent.

CARL FRANCIS BAKER et al., Plaintiffs and Appellants, v. PAGEMAN HOLDING CORPORATION (a Corporation) et al., Defendants and Respondents.

Edward L. Condon for Appellants.

Thomas P. Cruce and Max Tendler for Respondents.

VALLÉE, J.—Appeal from a judgment in two consolidated actions: superior court Numbers 590631 and 659106. The judgment directs the county clerk to pay funds in his hands to Pageman Holding Corporation (superior court No. 590631), and adjudges that the plaintiffs take nothing from defendants (superior court No. 659106).

On April 16, 1947, Pageman Holding Corporation, called Pageman, agreed to assign five United States letters patent and to convey certain real and personal properties to Record Machine and Tool Company, a corporation, called Record, for $100,000 on terms and conditions detailed in a conditional sales contract. On August 23, 1951, Record tendered, at the place specified in the contract, the total unpaid balance of $26,549.18 and its demand that Pageman perform the contract

by depositing the necessary instruments of title in escrow for delivery concurrently with Pageman's receipt of the last mentioned sum. Pageman refused the tender and refused to perform the contract or to deliver any title paper conveying any of the properties to be conveyed to Record although Record was able and willing to perform according to its tender. In action 590631 for specific performance of the contract, the court found that Record performed all the conditions required of it by the contract and that the tender was valid and immediately vested in Record all title Pageman had in the properties to be conveyed. Pageman did not convey one of the patents, Number 2133022, designated as 022, and was unable to do so because it had previously conveyed it to others. Patent 022 was a master patent. No manufacture, use, or sale could be made under the four other patents named in the contract without the consent or license of the person or persons to whom patent 022 had been conveyed. In action 590631 the trial court adjudged that Record was entitled to performance, but failed to find the amount that should have been credited on the purchase price of $100,000 by reason of Pageman's failure to convey patent 022. On appeal the judgment was reversed with directions to ''render the same judgment heretofore given, but in addition, shall ascertain and declare the rights of the parties with respect to the payment of the unpaid balance of the purchase price, if any, under the contract, and the effect thereon of defendant's [Pageman's] inability to give good title to the patent it does not own.'' (*Record etc. Co.* v. *Pageman Hold. Corp.*, 42 Cal.2d 227 [266 P.2d 1].) On a retrial, the court found that $12,000 was the amount to which Record was entitled by reason of Pageman's inability to convey patent 022. On appeal from the ensuing supplementary judgment, Pageman questioned the amount of the award. The reviewing court affirmed the supplementary judgment, holding that the award complied with the Supreme Court order in that it was a proper amount for damages resulting to Record by its loss of the exclusive right to operate under the patent. (*Record etc. Co.* v. *Pageman Hold. Corp.*, 132 Cal. App.2d 821 [283 P.2d 724].) The original and the supplementary judgment in action 590631 contained this provision: ''plaintiff [Record] is not precluded by the judgment herein from asserting any other claims from the defendant [Pageman] under said conditional sales contract, and preventing

plaintiff from having full use of all properties, real, personal or mixed, described in said conditional sales contract from and after the date of said tender on or about August 23, 1951.''

The original complaint in action 659106 was filed April 17, 1956. The complaint named Carl Francis Baker and Oretta Mae Baker as the parties plaintiff, and they appeared in propria persona. They alleged they were the sole owners of Record Machine and Tool Company, a corporation. On demurrer, the court ordered that Record be made a party plaintiff, which was done on the face of the complaint. Each of six amended complaints was filed by Carl Francis Baker and Oretta Mae Baker in propria persona. Defendants successfully demurred to the original complaint and to five amended complaints. On January 30, 1957 the Bakers, as the only plaintiffs, filed the sixth amended complaint, hereinafter referred to as the complaint, in which for the first time they alleged that on January 29, 1957 Record had assigned all of its interest in the contract which was the subject of the controversy in action 590631 and all of its rights therein and causes of action against defendants, to them.

The complaint contained four counts. As affirmative defenses defendants pleaded that the cause of action alleged in each count was barred by the provisions of sections 337 subdivision 1, 338 subdivision 4, and 343 of the Code of Civil Procedure and by the prior judgment in action 590631.

At the pretrial hearing in action 659106 it was agreed that all files, exhibits, and records in action 590631 be received in evidence in that action by reference and that the judgment in action 659106 should provide for the disposition of funds then on deposit with the county clerk as a result of payments made pursuant to proceedings in action 590631.

Pursuant to section 597 of the Code of Civil Procedure the court proceeded to the trial of the special defenses before the trial of any other issue in the case. The questions were submitted on the allegations of the complaint in action 659106 and the record in action 590631. The court found that no filing fee for Record had been paid to the clerk as a filing fee in the action; Record did not appear in the action by reason of nonpayment of the filing fee, and it did not appear by licensed attorney; it was not a party plaintiff in the action; each of the four counts was barred by sections 337, subdivision 1, and 343 of the Code of Civil Procedure; and the prior judg-

ment in action 590631 was res judicata as to each count. Judgment was that plaintiffs take nothing by their complaint.

█ If, on the trial of special defenses only, the decision is in favor of the defendant pleading the same, the trial is at an end (*Steiner* v. *Thomas*, 94 Cal.App.2d 655, 658 [211 P.2d 321]); a judgment is then entered for the defendant; and, on a motion for a new trial or upon appeal from the judgment, the decision on the special defenses and all rulings on the trial of them may be reviewed. (*Woodhouse* v. *Pacific Elec. Ry. Co.*, 112 Cal.App.2d 22, 25 [245 P.2d 701].)

No point is made in plaintiffs' brief with respect to that part of the judgment directing the county clerk to pay funds in his hands to Pageman. Plaintiffs are deemed to have abandoned their appeal from that part of the judgment. (*Bellon* v. *Silver Gate Theatres, Inc.*, 4 Cal.2d 1, 17 [47 P.2d 462].)

Plaintiffs contend that counts I, II, and III of the complaint are not barred by the statute of limitations and that the judgment in action 590631 is not res judicata as to those counts. They make no contention with respect to the fourth count. We, therefore, deem that plaintiffs have abandoned the appeal in respect to that count. . (*Clay* v. *Lagiss*, 143 Cal.App.2d 441, 452 [299 P.2d 1025].)

### Count I

Count I incorporates a copy of the conditional sales contract of April 16, 1947, and alleges that under its terms plaintiffs on that date should have immediate possession and retain possession of all of the property described therein, including work in process, completed parts, and fully assembled rotary drill bits, of a sales value of $30,000; and defendants, by the contract, authorized plaintiffs to manufacture, assemble, and sell any part of said stock, and apply the proceeds in payment pro tanto of the conditional sales contract. It alleges that about April 16, 1947, plaintiffs entered into possession and immediately thereafter ascertained that defendants had no usable or salable work in process, no completed parts and no assembled rotary bits on hand, and defendants never delivered same, to plaintiffs' damage in the amount of $30,000.

█ It clearly appears that the cause of action for failure to deliver the stated items accrued at the time plaintiffs took possession on April 16, 1947, and found no such items "on hand." Action 590631 was filed September 14, 1951. The breach occurred more than four years before that action was

filed. The cause of action accrued on the breach and was barred by the statute prior to the filing of action 590631. (Code Civ. Proc., § 337 subd. 1.) ■■ The reservation in the judgment and in the supplementary judgment in action 590631 to the effect that Record was not precluded from asserting any claim for damages because of not having full use of the properties described in the contract from and after August 23, 1951, could not, and did not, save a cause of action which was barred by the statute at the time that action was commenced.

### Count II

Count II realleges all the allegations of count I. It alleges that prior to the execution of the contract defendants, on June 24, 1939, granted to a third party the exclusive right and license to manufacture, use, and sell rotary drill bits incorporating the invention of patent number 022 and thus controlling the four other patents named in the contract. It alleges the failure to grant an exclusive license to manufacture, sell, and use under patent 022 to Record. It alleges that by reason of the failure of defendants on April 16, 1947, to deliver work in process, completed parts, and assembled rotary bits of the market value of $30,000, and by the failure to grant the exclusive license under the patent, plaintiffs could not enjoy sufficient credit to retool the plant and to enter into full-scale manufacture of the new bits until about February 16, 1948; that plaintiffs intended to, could have, and would have entered into such full-scale manufacture and sale, and would have received proceeds therefrom in the amount of not less than $120,000 a year from February 16, 1948, to the damage of plaintiffs of loss of future profits from February 16, 1948, in the amount of $1,000,000.

Insofar as count II alleges a cause of action for failing to deliver work in process, completed parts and assembled rotary bits, it is the same cause of action that is alleged in count I. For the reasons we have stated, it was barred by the statute. ■■ Insofar as count II alleges a cause of action for failure to grant an exclusive license under patent 022, the subject matter was adjudicated in action 590631. The facts and cause of action with respect to the failure to grant an exclusive license under patent 022 are identical with those alleged and adjudicated in action 590631. In the latter action it was adjudged "That the defendant is in default under said con-

tract in that at no time since the contract was executed has plaintiff been vested with the exclusive license to use the patents therein specified, and that at no time has defendant had title to all of said patents; and that therefore the Clerk of the above entitled court shall deliver to the plaintiff immediately upon the judge's signing of this Supplementary Judgment, from the funds deposited with said clerk by said plaintiff in accordance with the order of the above entitled Court in the above entitled action, the sum of $12,000.00 less the 'Solvent Credit Tax' levied upon said amount, as damages to plaintiff for defendant's inability to deliver to the plaintiff the exclusive license to United States Letters Patent number 2133022.'' That the supplementary judgment in action 590631 is res judicata as to this part of count II in action 659106 is clear from what was said by the Supreme Court on the appeal from the judgment and by the District Court of Appeal on the appeal from the supplementary judgment. On the appeal from the judgment the Supreme Court stated that the trial court had failed to find ''the damage plaintiff [Record] would suffer by defendant's inability'' to give good title to patent 022 and: ''It is true that defendant objected during the proceedings to broadening the scope of the determination and the court declared that defendant's action to recover the purchase price as well as plaintiff's action for damages were preserved, but because of the scope of the judgment with respect to plaintiff's rights in the property (it in effect specifically enforces the contract on behalf of plaintiff) justice requires that defendant's rights also be determined. The trial court has discretion as to the extent of the relief to be afforded in a proceeding for declaratory relief (5 Cal. Jur. 10-Yr.Supp. [1944 Rev.], Declaratory Relief, § 22 et seq.), but where a case is made for such relief the court should not deny it. (*Lord* v. *Garland*, 27 Cal.2d 840 [168 P.2d 5].) Where a contract is specifically enforced the court should do complete justice.'' The judgment was reversed and the trial court was directed to render the same judgment and to ''ascertain and declare the rights of the parties with respect to the payment of the unpaid balance of the purchase price, if any, under the contract, and the effect thereon of defendant's inability to give good title to the patent it does not own.'' (*Record etc. Co.* v. *Pageman Hold. Corp.*, 42 Cal.2d 227, 233-234 [266 P.2d 1].) On the appeal by Pageman from the

supplementary judgment rendered pursuant to the directions of the Supreme Court, the District Court of Appeal said:

"Appellant contends that the finding of $12,000 as the value of respondent's loss for not receiving an exclusive license to manufacture under patent 022 is not supported by, and is contrary to the evidence; that such award did not comply with the Supreme Court's order; that the patent had only a nominal value and the court's finding was purely speculative. In its opening brief, appellant states the correct issue, to wit, in what amount should damages be awarded for failure to deliver an exclusive license to manufacture rotary drills. Appellant attempts to show that the actual patent 022 unincumbered was not worth the award. The Supreme Court's order required the trial court to find '*the effect* thereon of defendant's inability to give good title to the patent it does not own.' The court order says nothing about the actual value of the rotary drills under the patent. *Effect* is defined by Webster's Dictionary as meaning 'consequence' or 'result.' The consequence or result to the respondent is its loss of the exclusive right to operate under the patent, not the amount of damages suffered by reason of appellant's having made or not made so many rotary drills under patent 022. At the trial, the evidence showed that the rotary drill in question is being produced by a rival company under the patent 022 by due and sufficient assignment as a result of which it could not be transferred, with clear title to respondent. . . . Substantial evidence was adduced to the effect that grave injury occurred from the breach of the contract by the appellant.

"The question of damages that might have been suffered by respondent's having been deprived of the profits from sales of rotary drills was not the issue. It would have been purely speculative. But the loss of exclusive rights of operation and manufacture is substantial. It is the accepted rule of law that where a buyer has suffered substantial damages by the seller's failure to deliver a part of the property included in his contract of sale, the uncertainty in the evidence relating to the amount of damages sustained is relatively unimportant. . . . The question of whether the patent had only a nominal value or was worth $12,000 as awarded by the court is immaterial in the face of the substantial evidence pointing to the loss of the exclusive rights of production, and by appellant's failure to deliver such rights to the detriment of

respondent who had relied on the valid assignment and a clear title. . . .

"The trial court with the facts at hand has effectually carried out the direction of the Supreme Court. It is a fair presumption that the Supreme Court would not have burdened the trial court with the task of fixing token damages. The high court recognized that respondent had been deprived of a substantial right and by their decision amended the situation." (*Record etc. Co.* v. *Pageman Hold. Corp.*, 132 Cal. App.2d 821, 822-824 [283 P.2d 724].) The supplementary judgment was affirmed. The judgment in action 590631 is res judicata as to that part of count II which alleges a cause of action for failure to grant an exclusive license under patent 022. (29 Cal.Jur.2d, 167, § 214.)

### *Count III*

Count III realleges all the allegations of counts I and II. It alleges that about August 16, 1951, plaintiffs had contracted to sell two of the lathes described in the contract to a third party for $20,000; that the price agreed to be paid for the lathes by plaintiffs to defendants was $14,500; that defendants refused to deliver evidence of good title to the lathes and plaintiffs lost the sale to their damage in the sum of $5,500. The same cause of action was alleged as count II in action 590631.

 This cause of action was not adjudicated in action 590631 and neither the original judgment nor the supplementary judgment in that action is res judicata as to the cause of action for refusal to deliver evidence of good title to the two lathes.[1] The court in action 590631 expressly refused to deter-

---

[1] In action 590631 the court found: "That it is true that on or about the 20th day of August, 1951, plaintiff obtained a purchaser for two of the lathes included in the said conditional sales contract; that said purchaser was ready, willing and able to pay the sum of $20,000.00 cash consideration for the said two lathes provided plaintiff could deliver them free and clear by September 10, 1951; but that plaintiff may not be awarded damages in this action for any breach of contract insofar as this is an action for declaratory relief, but that plaintiff is not precluded herein from asserting any such claim from the defendant in a proper proceeding."

"That it is true that the total cost to plaintiff of the two lathes is less than the sum of $15,000.00; but that in this connection the court finds that plaintiff may not be awarded damages in this action for such breach of the contract insofar as this is an action for declaratory relief."

The supplementary findings incorporate the findings theretofore given

mine the matters alleged in count II with respect to refusal to deliver evidence of good title to the lathes and directed they should be litigated in another action. ■ A judgment is not an adjudication as to matters which the court expressly refrains from deciding and which it directs should be litigated in another action. (*Cason* v. *Glass Bottle Blowers Assn.*, 37 Cal.2d 134, 141 [231 P.2d 6, 21 A.L.R.2d 1387]; *Stark* v. *Coker*, 20 Cal.2d 839, 843 [129 P.2d 390]; *Barnes* v. *Dobbins*, 118 Cal.App.2d 808, 814 [258 P.2d 1112]; 2 Freeman on Judgments, 5th ed., 1485, § 704; 29 Cal.Jur.2d 207, § 245.)

The question is whether the cause of action with respect to the refusal to deliver evidence of good title to the two lathes alleged in count III is barred by the statute of limitations. ■ A cause of action accrues when a suit may be maintained thereon, and the statute of limitations begins to run at that time. (*Dillon* v. *Board of Pension Commrs.*, 18 Cal.2d 427, 430 [116 P.2d 37, 136 A.L.R. 800].) The court found Record made the tender on August 23, 1951. Thus the cause of action accrued on August 23, 1951. Action 659106 was commenced April 17, 1956. However, it was not commenced by Record, but by the Bakers. As found by the trial court, Record was not at any time a party to the action. ■ A statute of limitations runs against the right of action, not against the holder of the right. (31 Cal.Jur.2d 619, § 199.) The Bakers had no right of action until January 29, 1957, the date Record assigned to them. The filing of the sixth amended complaint was the commencement of a new action. (*Michelin Tire Co.* v. *Coleman & Bentel Co.*, 179 Cal. 598, 602 [178 P. 507].)

and state they ''shall have the same force and effect as if set forth fully herein.''

Both the original and the supplementary judgment contained these provisions: ''That the defendant is in default under said contract in that at no time since the contract was executed has plaintiff been vested with the exclusive license to use the patents therein specified, and that at no time has defendant had title to any of said patents; that plaintiff may not be awarded damages in this action for such breach of the contract insofar as this is an action for declaratory relief, but that said plaintiff is not precluded by the judgment herein from asserting any such claim from the defendant in any proper proceeding, or for damages for any default of defendant under said conditional sales contract, and preventing plaintiff from having full use of all properties, real, personal or mixed described in said conditional sales contract from and after the date of said tender on or about August 23, 1951.''

''[T]hat inasmuch as damages alleged by the plaintiff are not proved with sufficient certainty and particularity, that plaintiff take nothing on such claims in the present action for declaratory relief.''

Thus the cause of action in question alleged in count III is barred by the statute of limitations unless, as plaintiffs contend, the operation of the statute was suspended during the pendency of action 590631.

■ It is well settled that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights. (*Dillon* v. *Board of Pension Commrs.*, 18 Cal.2d 427, 431 [116 P.2d 37, 136 A.L.R. 800] ; *County of Santa Clara* v. *Hayes Co.*, 43 Cal.2d 615, 618 [275 P.2d 456] ; *Eistrat* v. *Cekada*, 50 Cal.2d 289, 291-292 [324 P.2d 881] ; *Van Hook* v. *Southern Calif. Waiters Alliance*, 158 Cal.App.2d 556, 565 [323 P.2d 212].) In *Marden* v. *Bailard*, 124 Cal.App.2d 458 [268 P.2d 809], this court said (p. 465):

"Respondents' contention that the purported causes of action are barred by the statute of limitations is based principally upon the argument that running of the statute was not suspended during the pendency of the appeal in the former action. The former action included the issue involved herein regarding the restrictions on the lot. While that litigation was pending these plaintiffs were not required to commence another action—their declaratory relief action—for the determination of the same issue."

(Also see *Burns* v. *Massachusetts etc. Ins. Co.*, 62 Cal.App. 2d 962, 967-972 [146 P.2d 24] ; 54 C.J.S. 280, § 248.)

■ The commencement of an action suspends the statute of limitations as to matters arising out of the transaction set forth in the complaint. (31 Cal.Jur.2d 593, § 171.) ■ An action is deemed to be pending from the time of its commencement until its final determination on appeal. (Code Civ. Proc., § 1049 ; *San Francisco Gas & Electric Co.* v. *Superior Court*, 155 Cal. 30, 33-34 [99 P. 359, 17 Ann.Cas. 933] ; *Pacific Gas & Elec. Co.* v. *Nakano*, 12 Cal.2d 711, 714 [87 P.2d 700. 121 A.L.R. 417] ; *Riley* v. *Superior Court*, 49 Cal.2d 305, 309-310 [316 P.2d 956] ; *Cain* v. *French*, 29 Cal.App. 725, 727 [156 P. 518] ; *Davis* v. *Fidelity & Deposit Co.*, 93 Cal.App.2d 13, 16 [208 P.2d 414] ; *People* v. *Superior Court*, 145 Cal.App.2d 683, 687 [303 P.2d 628].) ■ Following a final judgment of affirmance on appeal, an action is no longer pending. (*Schumm* v. *Berg*, 37 Cal.2d 174, 190 [231 P.2d 39, 21 A.L.R. 2d 1051].) ■ When the operation of a statute of limitations is suspended for a given length of time the effect is to

add an equal period to the statutory period. (*Estate of Caravas*, 40 Cal.2d 33, 42 [250 P.2d 593]; 54 C.J.S. 280, § 248.)

The cause of action alleged in count III with respect to the refusal to deliver evidence of good title to the two lathes accrued on August 23, 1951. Action 590631, which alleged that cause of action in count II of the complaint, was filed September 14, 1951. The remittitur on the appeal from the supplementary judgment in that action was filed July 11, 1955. On April 17, 1956, the Bakers, strangers to the contract, commenced action 659106 against defendants for damages for breach of the contract based on defendants' refusal to deliver evidence of good title to the two lathes on August 23, 1951. Record was not a party plaintiff. On January 29, 1957, Record assigned all its interest in the contract and all causes of action to the Bakers. The sixth amended complaint in action 659106, in which the Bakers as plaintiffs for the first time had a right of action and in which they alleged the assignment, was filed January 30, 1957. A period of five years, five months, and seven days elapsed between August 23, 1951, and January 30, 1957. A period of three years, nine months, and 26 days elapsed between September 15, 1951, and July 11, 1955, during which action 590631 was pending. The period of limitation of an action on a contract, obligation, or liability founded on an instrument in writing is four years. (Code Civ. Proc., §§ 312, 337, subd. 1.) Excluding the period during which action 590631 was pending, the cause of action alleged in count III with respect to the refusal of defendants to deliver evidence of good title to the two lathes was commenced by the filing of the sixth amended complaint and was within the four-year period.

We conclude that count III, insofar as it alleges a cause of action for refusal to deliver evidence of good title to the two lathes, is not barred by the statute of limitations. Insofar as count III realleges the allegations of counts I and II, the judgment is correct for the reasons we have stated with respect to counts I and II. We do not decide that count III may not be subject to special demurrer.

The judgment, insofar as it adjudges that plaintiffs take nothing by reason of the allegations of count III of the sixth amended complaint that defendants refused to deliver evidence of good title to the two lathes, is reversed; in all other respects it is affirmed. The record contains much material that could not possibly have any bearing on the issues raised, all

made part of the record at the request of plaintiffs-appellants. We take this factor into consideration in allocating the costs on appeal. Plaintiffs-appellants shall bear 95 per cent of the costs on appeal; defendants-respondents shall bear 5 per cent thereof.

Shinn, P. J., and Wood (Parker), J., concurred.

Petitions for a rehearing were denied August 4 and August 19, 1959, and the petitions of appellants and of respondents for a hearing by the Supreme Court were denied September 16, 1959.

[Crim. No. 6476. Second Dist., Div. Three. July 20, 1959.]