85

[Civ. No. 26307. Second Dist., Div. One. Oct. 29, 1962.]

DONALD R. PLUNKETT, Plaintiff and Respondent, v.
JOHN HILL et al., Defendants and Appellants.

John N. Frolich and Linus R. Fike for Plaintiff and Respondent.

John Hill, in pro. per., Craig, Weller & Laugharn and Martin J. Kirwan for Defendants and Appellants.

THE COURT.—Motion to dismiss appeals. The complaint alleged two causes of action for damages—the first one was based upon alleged misrepresentation, and the second one upon alleged negligence. Each of the two defendants alleged affirmative defenses of res judicata and estoppel as to each cause of action. Pursuant to the provisions of section 597 of the Code of Civil Procedure, a trial of those special defenses was had before the trial of any other issue in the case.

The court found: (1) That an order of a referee in bankruptcy has determined the issue alleged in the first cause of

action herein, and that said order acts as collateral estoppel and res judicata as to that issue; and (2) that said order has not determined the issue alleged in the second cause of action herein, and it does not act as collateral estoppel or res judicata as to that issue. As conclusions of law, the court stated that the plaintiff is barred from prosecuting the first cause of action; and is not barred from prosecuting the second cause of action.

A formal judgment, based upon those findings and conclusions, was entered on October 10, 1961. The judgment provided: ''That the first count of the complaint be and the same is hereby dismissed; and that the second count of the complaint remains for trial on the issues of negligence and damages; . . . .''

Each defendant has filed a notice of appeal stating that he appeals from the judgment on the second cause of action.

The plaintiff filed a notice of motion to dismiss ''the appeal of Appellants.'' The notice stated the motion is made on the ground that this court lacks jurisdiction to hear the appeal in that the judgment is interlocutory and not final. The notice was duly served on defendants. The motion to dismiss was heard by this court on October 23, 1962. Defendant Mr. Hill was not present or represented.

Section 597 of the Code of Civil Procedure provides: ''When the answer pleads that the action is barred by the statute of limitations . . . or sets up any other defense not involving the merits of the plaintiff's cause of action but constituting a bar . . . to the prosecution thereof, the court may . . . proceed to the trial of such special defense or defenses before the trial of any other issue in the case, and if the decision of the court . . . upon any special defense so tried . . . is in favor of the defendant . . . judgment for such defendant shall thereupon be entered and no trial of other issues in the action shall be had unless such judgment shall be reversed on appeal or otherwise set aside or vacated; . . . . If the decision of the court . . . upon the special defense or defenses . . . shall be in favor of the plaintiff, trial of the other issues shall thereafter be had upon the motion of either party, and judgment shall be entered thereon in the same manner and with the same effect as if all the issues in the case had been tried at one time. In such event any and all decisions . . . upon such special defense or defenses . . . shall be deemed excepted to and may be renewed on motion for a new trial or upon appeal from such judgment.'' (It seems that the

word ''renewed,'' which appears in the last sentence above quoted, is not an appropriate word to be used therein—it might be that the word ''reviewed'' was intended to be used there. The provision that all decisions, verdicts, and rulings may be *renewed* on motion for a new trial or upon appeal seems to be pointless.)

In *Evans* v. *Horton,* 115 Cal.App.2d 281 [251 P.2d 1013], upon a trial of a special defense of res judicata as to certain issues, judgment in favor of the defendant upon those issues was entered; and the plaintiff appealed from the judgment. It was said therein (p. 287) : ''It is only when the decision on the trial of the special defense is that the entire action is barred by a prior judgment that the court is empowered to render judgment for the defendant who has pleaded the special defense. [Citations.] When, as here, the court proceeds to try a special defense which does not constitute a bar to the entire action before the trial of any other issue, and the decision on such special defense is in favor of the defendant, the proper procedure is to make a minute order to that effect, proceed to the trial of the remaining issues, make findings of fact and conclusions of law on all issues, and render judgment accordingly. In such a case, the decision of the court on the special defense and all rulings on it may be *reviewed* on appeal from the judgment.'' (Italics added.)

In *Nelsen* v. *Jensen,* 117 Cal.App.2d 270 [2 Cal.Rptr. 180], it was said (p. 273) : ''It is apparent upon the face of the code section under which the special defense was separately tried (Code Civ. Proc., § 597) that but one judgment is to be entered in the action. Since plaintiff prevailed on the special defense, no judgment thereon should have been entered, but any error in that proceeding could be reviewed on appeal from the final judgment on the merits.'' In *McCarty* v. *Macy & Co.,* 153 Cal.App.2d 837 [315 P.2d 383], it was said (p. 840) : ''[T]here can be but one final judgment in an action regardless of how many counts the complaint contains or how many issues of law or fact are presented.'' (See also *Woodhouse* v. *Pacific Elec. Ry. Co.,* 112 Cal.App.2d 22 [245 P.2d 701].)

In the present case, upon the trial of the special defenses, the court ruled in favor of the plaintiff as to one cause of action and in favor of defendants as to the other cause of action; and entered a judgment accordingly. Since the ruling of the trial court, upon the special defenses, was not in favor of defendants as to the entire action, a judgment should not

have been entered. Under such circumstances the order with respect to the trial of the special defenses was erroneously denominated a judgment. That order was not a judgment and was not appealable, but it would be reviewable on appeal from the judgment entered after the trial of the other issues which, under the order, were reserved for trial (i.e., the issues as to the second cause of action). The document, erroneously denominated a judgment, is in effect a non-appealable interlocutory order which is a record or memorial of a preliminary determination of part of the issues in the case. The contemplated procedure is that such an order will be included in the judgment, as to the entire case, which will be entered after a trial of all the issues.

The appeals are dismissed.